EL PUEBLO, DEMANDANTE Y APELADO, v. GARZOT, JR.,
ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao
en causa por infracción de las ordenanzas municipales.

No. 990.—Resuelto en junio 24, 1916.

ORDENANZAS MUNICIPALES—ELEMENTO ESENCIAL DE PRUEBA.—Cuando una orde-
nanza es un elemento esencial de prueba y ella es inconstitucional o ilegal,
es incompetente para el fin de obtener una convicción.

INFRACCIÓN DE ORDENANZAS MUNICIPALES—ORDENANZAS MUNICIPALES—CONOCI-
MIENTO JUDICIAL—JUICIOS DE NOVO.—Tanto las cortes municipales como las
de distrito en la celebración de juicios de novo, deben tomar conocimiento
judicial de las ordenanzas municipales, y cuando se alega por el acusado que
las mismas no son ley por no haber sido debidamente aprobadas, a él corres-
ponde demostrarlo.

ID.—ARBITRIOS MUNICIPALES—ESPECTÁCULOS O EXHIBICIONES PÚBLICAS—TEA-
TROS—CINEMATÓGRAFOS—LEY DE PATENTES—DEROGACIONES TÁCITAS.—El po-
der o autoridad de un municipio para imponer un arbitrio a los espectáculos
o exhibiciones públicas, tales como teatros o cinematógrafos, conferídole por
la ley de 1906, no ha sido derogado por la ley No. 134 de 1913 (ley de
patentes), por la que se fijan contribuciones comerciales o industriales, pues
tal intención no se revela. Las derogaciones táctitas no son favorecidas.
La ordenanza del municipio de Naguabo de 28 de mayo de 1914 y la Ley
134 citada pueden ambas subsistir.

ID.—TEATROS—ESPECTÁCULOS PÚBLICOS—DIVERSIONES O ESPECTÁCULOS PÚBLI-
COS.—En la tarifa de impuestos que sigue al artículo 74 de la Ley Municipal
de 1906 no están incluídos los teatros o espectáculos públicos, por lo que,
antes de la ley 134 de 1913, no existía contribución alguna por dedicarse a
negocios de espectáculos públicos o teatros, y únicamente podía imponerse
patente por el hecho mismo de las diversiones públicas o espectáculos bajo
el párrafo 7°. del artículo 70 de la ley de 1906. El dirigir un teatro y sumi-
nistrar distracciones y espectáculos públicos son cosas diferentes.

ID.—DOBLE CONTRIBUCIÓN—CLASES DE CONTRIBUCIONES—DISCRECIÓN DE LA LEGIS-
LATURA.—El mero hecho de que una contribución sea doble, no afecta a su
validez, a menos que funcione de un modo desigual sobre la misma clase o
clases de la comunidad. La cuestión de si debe haber o no una doble con-
tribución es generalmente una cuestión que pertenece a la discreción de la
legislatura. Así, no es nula la ordenanza del municipio de Naguabo de mayo
28, 1914, porque sea a manera de una doble contribución.

ESPECTÁCULOS O DIVERSIONES PÚBLICAS—ARBITRIOS—INTENCIÓN DEL LEGISLA-
DOR—PRESUNCIÓN.—Fué la intención del municipio de Naguabo, al votar su
ordenanza de 3 de diciembre de 1914, sujetar las diversiones públicas a una
multa de diez dólares por falta de pago del arbitrio, y el dejar de pagar los
otros arbitrios que se enumeran a una multa de cinco dólares. No es irra-
zonable, arbitrario e injusto el separar las diversiones y espectáculos públicos

de las demás materias sujetas al pago de arbitrios. La razonabilidad de las ordenanzas se presume.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Arturo Aponte, Jr., y Ramón P. Rodríguez Alberty.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En éste y en otros ocho casos se formularon denuncias contra Juan Garzot, Jr., por haber llevado a efecto funciones cinematográficas, sin satisfacer el importe de un dólar por cada espectáculo público como se disponía en cierta ordenanza municipal del pueblo de Naguabo. Fué declarado culpable por la corte local de Naguabo de acuerdo con otra ordenanza especial y en la apelación interpuesta a la Corte de Distrito de Humacao fué asimismo declarado culpable y condenado a pagar una multa de diez dólares en cada caso. Al ser ofrecidas como prueba las varias ordenanzas municipales en las cuales se basan las condenas, el acusado se opuso a su presentación por varios fundamentos, algunos de los cuales se dirigen a la constitucionalidad y legalidad de dichas ordenanzas.

No podemos estar de acuerdo con el Fiscal al sostener que las objeciones a la constitucionalidad o legalidad de una ordenanza no pueden hacerse cuando dicha ordenanza se ofrece como prueba. Si la ordenanza es un elemento esencial de prueba y es inconstitucional o ilegal, la expresada ordenanza es prueba incompetente para el fin de obtener una convicción. La corte admitió las ordenanzas. De todos modos, si por alguna razón las referidas ordenanzas eran inconstitucionales o ilegales, no pueden subsistir las condenas en estos casos, de manera que discutiremos los errores observando en cierto modo el orden en que han sido presentados por el apelante.

Convenimos con el Fiscal, en que ambas cortes inferiores deben tomar conocimiento judicial de la ordenanza muni-

cipal. *El Pueblo* v. *Suárez,* 23 D. P. R. 243; *El Pueblo* v.
*Nochera,* 23 D. P. R. 605; 16 Cyc. 899. Como la corte de
distrito podía tomar y tomó conocimiento judicial de dichas
ordenanzas, era el deber del apelante el demostrar que esa
corte y este tribunal no podían sostener que porque a dichas
ordenanzas les faltasen algunos requisitos relativos a su
aprobación por el alcalde, o alguna otra cosa, dichas orde-
nanzas jamás llegaron a convertirse en ley. No existe nada
en los autos que demuestre que las ordenanzas no fueron
aprobadas debidamente y por tanto el primer señalamiento
de error no puede prevalecer.

En el segundo señalamiento sostiene el apelante que las
ordenanzas eran nulas por resultar en conflicto con la Ley
Orgánica y con los estatutos de Puerto Rico. Bajo este título
discute el apelante la supuesta inconstitucionalidad de la indi-
cada ordenanza u ordenanzas, pero las objeciones a las orde-
nanzas pueden cristalizarse en dos: Primera, que el poder
o autoridad del municipio para imponer un arbitrio a los
espectáculos públicos o exhibiciones ha sido derogado por la
Ley No. 134 de 1913, conocida familiarmente por Ley de
Patentes por la que se fijan contribuciones comerciales o
industriales; segunda, que la ordenanza de mayo 28, 1914,
aprobada por el municipio de Naguabo es nula, porque es
a manera de una doble contribución. La ordenanza es como
sigue:

"Municipio de Naguabo. Año Ecco. 1914-15. Ordenanza. Una
ordenanza sobre imposición y cobranza de arbitrios municipales para
el próximo año de 1914-15. Por cuanto, la ley municipal autoriza
a los municipios de Puerto Rico para la imposición y cobranza de
ciertos arbitrios, con objeto de cubrir sus presupuestos; Por cuanto,
el municipio de Naguabo desea utilizar este recurso para cubrir el
presupuesto que ha de regir en el entrante año ecco. de 1914 a 1915,
Por tanto, ordénese por el Concejo Municipal de Naguabo la im-
posición y cobranza, durante el referido año ecco. de 1914 a 1915,
de los arbitrios siguientes: por cada arroba de carne de ganado
vacuno que se sacrifique para el consumo público, 25 centavos. Por
cada cerdo que se beneficie, 50 centavos. Por cada cabro o carnero,

25 centavos. Por cada puesto de carnicería o matadero por una cabeza de ganado vacuno, 75 centavos. Por id. id. ganado cerda, 50 centavos. Por id. id. ganado lanar o cabrío, 25 centavos. Por cada certificación de la alcaldía, 75 centavos. Por cada id. id. del registro civil, 25 centavos. Por cada cabeza de ganado vacuno, caballar, asnal y mular que sea conducido al corralón de animales, $1. Por cada cabeza de ganado de cerda y lanar que sea conducido al corralón de animales, 50 centavos. Por cada certificación marca de ganado, 50 centavos. Por cada espectáculo público $1.

El artículo 70 de la Ley Municipal, aprobada en marzo 8, 1906, página 124, dispone lo siguiente:

"Los municipios tendrán facultad para derivar sus rentas de los recursos enumerados a continuación, fuera de los cuales no podrá imponer contribución o arbitrio, a no estar para ello expresamente autorizado por esta Ley o por las Leyes de Puerto Rico:

\* \* \* \* \* \* \*

"(7) Derechos de licencia para diversiones o espectáculos públicos:

\* \* \* \* \* \* \*

"(10) El producto de cualquier patente comercial o industrial impuesto de acuerdo con las disposiciones de esta ley."

Y bajo el artículo 12 de dicha Ley No. 134, como quedó enmendada en el año 1913, se dispone lo siguiente:

"Toda persona, firma, asociación, sociedad, etc., que explote algún negocio o industria, según se dispone en la presente, pagará contribuciones por patentes de acuerdo con la siguiente clasificación: (entre otras muchas) Teatros particulares, cinematógrafos y espectáculos semejantes para diversión del público: Primera clase; $25; segunda clase, $20; tercera clase, $15; cuarta clase, $10; quinta clase, $5."

Aparentemente el apelante está dispuesto a admitir que con anterioridad a la ley No. 134 de 1913, el municipio hubiera tenido derecho a cobrar el impuesto en cuestión, o sea, el importe de un dólar por cada función de cinematógrafo; pero alega que dicha contribución para el ejercicio de un negocio está comprendida en dicha ley No. 134, artículo 12, *supra*. Si se examinan los artículos 72, 73 y 74 de la Ley Municipal

de 1906, se verá que a los municipios se les prohibe imponer ningún derecho de patente por cualquier negocio que no esté enumerado en la tarifa que sigue al artículo 74. En dicha tarifa no están de modo alguno incluídos los teatros y espectáculos y por consiguiente antes de 1914 no existía contribución para el ejercicio de un negocio sobre teatros o espectáculos, y únicamente podía imponérseles una patente por el hecho de ser diversiones públicas o espectáculos. Entonces podía fijárseles una contribución de conformidad con el párrafo 7°. del artículo 70 de la Ley Municipal, o de otro modo no podía imponérseles el arbitrio en absoluto. Sostiene el apelante que dicho párrafo 7°. se refiere a las diversiones y espectáculos, como las exhibiciones, circos y funciones y no a los teatros y espectáculos legalmente establecidos. Creemos que resulta evidente teniendo en cuenta la historia de este artículo que antes de 1913, por lo menos, la intención de la legislatura fué que a los teatros y espectáculos se les impusiera una contribución como diversiones públicas y espectáculos bajo el párrafo 7°.

La intención evidente de la ley No. 134 era quitarle al municipio la facultad de imponer impuestos por el ejercicio de un negocio y ponerla en manos del Tesorero de Puerto Rico. En tanto los teatros y espectáculos podían ser considerados como que ejercen negocios dentro del significado del párrafo 10 de la ley de 1906, la legislatura no quitó ninguna facultad al municipio que antes tuviera, pues, como hemos visto, el municipio no tenía facultad para imponer una contribución de patente a los teatros y espectáculos de acuerdo con dicho párrafo 10. Es evidente que hasta el año 1913 la legislatura consideró a los teatros y espectáculos como cosas distintas de una industria ordinaria u ocupación comercial.

Sin embargo, en el año 1913, la legislatura estimó que un teatro o espectáculo era un negocio o industria y les impuso una contribución que oscilaba entre cinco y veinticinco dólares. Dijo entonces la legislatura, y creemos que es un

hecho, que existía tal negocio o industria, como el teatro o cinematógrafo.

Ahora bien, creemos que en general el ser dueño de un teatro o estar al frente del mismo es algo distinto que el dar un espectáculo público en él. Un número de cosas podrían ejecutarse en un teatro que no constituiría un espectáculo público o diversión dentro del significado de la ley No. 134 de 1913. El espectáculo particular podría pertenecer a una persona y el teatro a otra como pasa frecuentemente. La ordenanza de Naguabo es puramente una ordenanza de rentas, pero muy bien podría suceder que la legislatura deseara dejar el control de las diversiones locales y su ejecución bajo el poder de las autoridades municipales. Véase a Dillon sobre Corporaciones Municipales, § 661 y siguientes, edición Quinta. Los espectáculos públicos y diversiones ha de presumirse que son medios productivos de rentas y que pueden soportar una carga de contribución. El hecho de que la legislatura al imponer contribuciones a los teatros y espectáculos limitó la contribución anual a veinte y cinco dólares es una indicación de que la legislatura consideró el negocio de dirigir un teatro como cosa diferente del suministrar distracciones públicas o espectáculos. En este caso la patente era para un teatro dedicado especialmente a exhibiciones de cinematógrafo.

Insiste el apelante en que el impuesto es doble. Las autoridades son claras en cuanto a que el mero hecho de que una contribución sea doble no afecta a su validez, a menos que funcione de un modo desigual sobre la misma clase o clases de la comunidad. Cooley on Taxation, 3ra. edición, tomo 1, página 391 y siguientes. La cuestión de si debe haber o no una doble contribución generalmente es una cuestión que pertenece a la discreción de la legislatura misma. Cooley on Taxation, *supra,* pág. 388 y siguientes, 37 Cyc. 752, nota 8.

Creemos que en 1913 la legislatura simplemente deseaba imponer una carga al negocio de teatros y espectáculos. Puede ser, como sostiene el apelante, que impone una carga

adicional, pero la ley de 1913 fija esta carga a todas las clases de negocios y en cierto modo limitado, a los teatros y espectáculos.  El derecho del municipio a imponer contribuciones de patente a cada espectáculo público existía desde antes del año 1913, y creemos que el medio adecuado de considerar la ley de 1913 era que la misma impone una contribución adicional para el ejercicio del negocio a dichos teatros y diversiones.  La contribución no cae fuertemente y de todos modos nos inclinamos a creer que la doble contribución sería la contribución impuesta finalmente, si estamos en lo correcto al considerar que los municipios tenían derecho a cobrar una contribución de patente por cada espectáculo público o función.  No creemos que la ley de 1913 derogó *pro tanto* la de 1906, pues tal intención no se revela y las derogaciones tácitas no son favorecidas.  Cooley on Taxation, 3ra. Edición, Tomo 1, página 502; *Ponce Lighter Co.* v. *Municipio de Ponce,* 19 D. P. R. 790; *Pérez* v. *Sucesión Collado,* 19 D. P. R. 1061; *Portela* v. *El Registrador de San Juan,* 22 D. P. R. 86 (Alegato del Fiscal).  Las dos leyes pueden subsistir juntas.  Pero aun cuando se considerara como una doble contribución no creemos que no se impone injusta o desigualmente.

El señalamiento tercero se basa en la negativa de la corte a declarar nulas las ordenanzas, puesto que se alegó que eran irrazonables, opresivas, injustas o inequitativas.  La ordenanza a que se refiere este señalamiento de error es la que fija una pena por la infracción de la ordenanza de 28 de mayo, 1914, *supra*.  La segunda ordenanza tiene fecha de 3 de diciembre, 1914, y es como sigue:

"Yo, José R. Torres, Secretario Municipal del Ayuntamiento de Naguabo, P. R., certifico: que según consta en el libro de actas de este municipio, en sesión ordinaria celebrada el 3 de diciembre de 1914, acordó y fué aprobada por el Sr. Alcalde la siguiente ordenanza: Por cuanto la sección 70 de la Ley Municipal autoriza a los municipios para derivar sus rentas de los recursos enumerados en la ordenanza sobre arbitrios que votara este concejo municipal en 28 de

marzo último para cubrir su actual presupuesto de 1914 a 1915. Por cuanto la morosidad o negativa en el pago de dichos arbitrios puede ser causa de entorpecimiento en la buena administración de este pueblo; por tanto, ordénese por el Concejo Municipal de Naguabo: Sección Primera, que los que se negaren a pagar los arbitrios expresados en la citada ordenanza votada por este concejo municipal en 28 de marzo último, sean denunciados ante el Sr. Juez de Paz de este pueblo quien les impondrá una multa de cinco dollars. Sección Segunda, que será requisito indispensable para poder celebrar cualquier espectáculo público, proveerse antes, del recibo que acredite haber pagado el arbitrio municipal. Los que infringieren esta disposición serán igualmente denunciados y se les impondrá una multa de diez dólares. Sección Tercera: que una vez aprobada esta ordenanza por el Alcalde, sea ejecutiva, y de ella se libre copia al Hon. Sr. Juez de Paz y al Jefe de la Policía Insular de este pueblo. Y a pedimento del Hon. Fiscal de este Distrito, libro la presente en Naguabo, P. R., a 26 de junio de 1915. (Firmado) José R. Torres, Secretario Contador Municipal.''

Lo más esencial de este señalamiento de error es que la infracción de la ordenanza de mayo 28 en la primera sección castiga con multa de cinco dólares, mientras que en la segunda una diversión pública queda sujeta al pago de una multa de diez. dólares por no tener el recibo que acredite el pago del arbitro. Alega el apelante que él está sujeto al pago de una multa de cinco dólares por no pagar el arbitrio y también a una multa de diez dólares por no tener el recibo. Creemos que tal vez la sección segunda está expresada de un modo ambiguo, pero creemos que fué la intención del municipio sujetar las diversiones a una multa de diez dólares por falta de pago del arbitrio y el dejar de pagar los otros arbitrios que se enumeran, a una multa de cinco dólares. Sería una interpretación irrazonable de dicha ordenanza el sostener otra cosa y a las ordenanzas debe dárseles una interpretación razonable. El apelante no demuestra ni se queja de que haya sido multado dos veces y si así hubiera sucedido, estaríamos dispuestos a declarar que la multa de cinco dólares era ilegal por la suposición de que la multa subsiguiente de diez dólares fué ordenada debidamente.

No vemos que sea irrazonable, arbitrario o injusto por parte del municipio el separar los espectáculos públicos y diversiones de las demás materias sujetas al pago del arbitrio mencionadas en la ordenanza de marzo 28. Se presume la racionalidad de una ordenanza y no vemos que exista irrazonabilidad en el requisito de que puede imponerse una multa de diez dólares a un cinematógrafo o diversión semejante por dejar de pagar el arbitrio de un dólar. Los cinematógrafos no se diferencian de otras diversiones públicas. Si el municipio estableció diferencias en las multas que han de imponerse, creemos que esto estaba dentro de la sana discreción de dicho municipio.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.