EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CENTRAL "LOS CAÑOS," demandada y apelante.

No. 3762.—*Visto:* Diciembre 7, 1925. *Resuelto:* Febrero 5, 1926.

1. CONTRIBUCIONES—PRESCRIPCIONES Y LIMITACIONES CONSTITUCIONALES—REQUISITOS EN CUANTO A IGUALDAD Y UNIFORMIDAD—TRIBUTACIÓN IMPUESTA A LOS NEGOCIOS O INDUSTRIAS.—La tributación impuesta por el apartado 14, sección 20, de la Ley No. 68 de 1923 tal como quedó enmendada por Ley No. 1 de 1923 (p. 5) es un arbitrio—no una contribución sobre la propiedad—y es legal.

2. CONTRIBUCIONES—PRESCRIPCIONES Y LIMITACIONES CONSTITUCIONALES—REQUISITOS EN CUANTO A IGUALDAD Y UNIFORMIDAD—DISCRIMINACIÓN—TRIBUTACIÓN IMPUESTA A NEGOCIOS O INDUSTRIAS.—Imponiéndose la tributación a que se refiere el inciso 14, sección 20, de la Ley No. 68 de 1923 según se enmendó por la Ley No. 1 de 1923 (sesión especial, p. 5) no a los dueños de las cañas sino a las factorías por su negocio de convertir cañas en azúcar, dicha ley no es discriminatoria en ese particular.

3. CONTRIBUCIONES—RESPONSABILIDAD DE PERSONAS Y PROPIEDADES—EXENCIÓN—PRECEPTOS ESTATUTORIOS—INTERPRETACIÓN.—Habiendo impuesto la Ley No. 1 de 1923 (sesión especial, p. 5) la contribución (arbitrio) a la industria de convertir cañas en azúcar—no al artículo—las secciones 43 y 51 de la

Ley No. 68 de 1923 no tienen aplicación para el arbitrio impuesto a la elaboración.

4 Contribuciones—Responsabilidad de Personas y Propiedades—Exención—Preceptos Estatutorios—Interpretación.—El preámbulo del artículo 20 de la Ley No. 68 de 1923 (p. 443) no es bastante para sostener que las secciones 43 y 51 hayan de aplicarse a todos los apartados que la sección 20 tiene, sino a los que imponen contribución sobre los artículos.

5. Contribuciones—Prescripciones y Limitaciones Constitucionales—Tributación Doble—Tributación Impuesta por los Gobiernos Municipal e Insular—Negocios o Industrias.—El hecho de que la Legislatura facultara a los municipios por la Ley No. 9 de 1920 (p. 181) para imponer arbitrios no la privó de su derecho para imponerlos también.

Sentencia de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando con lugar la demanda en cobro de contribuciones, con costas. *Confirmada.*

*Jaime Sifre, Jr.,* y *Horacio Franceschi,* abogados de la apelante; *Hon. George C. Butte, Attorney General,* y *J. A. López Acosta* y *C. Llauger Díaz,* abogados de *El Pueblo;* apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El Pueblo de Puerto Rico demandó el 24 de junio de 1924 a la Central Los Caños, corporación doméstica e incorporada de acuerdo con nuestras leyes y que se dedica al negocio de elaboración de azúcares, para que de acuerdo con una Ley de 27 de agosto de 1923 (p. 5 sesión extraordinaria) le pague la cantidad de $3,408.24 por los 85,206 quintales de azúcar que elaboró en su factoría desde el 12 de enero al 30 de abril de 1924, a razón de 4 cts. por quintal.

La demandada aceptó los hechos alegados por el demandante pero negó tener obligación legal de pagar la reclamación que se le hace ni otra alguna por virtud de esa ley, quedando así entre las partes solamente cuestiones legales en controversia que la corte inferior resolvió en contra de la demandada y la condenó a satisfacer la cantidad que se le reclama.

Esa sentencia fué apelada por la demandada y la vista de la apelación tuvo lugar ante nosotros el 7 de diciembre último pero hasta el día 14 del mismo mes no fueron presentados los alegatos adicionales que permitimos a las partes.

Los motivos alegados para que revoquemos la sentencia dictada en este pleito literalmente son los siguientes:

''I. Que la corte cometió error al no declarar que la contribución impuesta por el inciso 14 de la sección 20 de la ley de arbitrios de 1923 es anticonstitucional porque siendo como es una contribución sobre la propiedad no es uniforme, según dispone nuestra carta orgánica, toda vez que dicha contribución es una especial sobre el azúcar y deja a otra propiedad libre y exenta de dicha contribución.

''II. Que la corte cometió error al no declarar nula e inválida y anticonstitucional la contribución impuesta por el inciso 14 de la sección 20 de la citada ley de arbitrios porque la misma es discriminatoria y se impone a la factoría, aunque las cañas que produzcan el azúcar sean de colonos, los cuales quedan libres de esta tributación.

''III. Que la corte cometió error al no declarar que de acuerdo con la propia ley de arbitrios los azúcares que se manufacturen con la intención de exportar y que fueron realmente exportados pueden serlo libre de la tributación impuesta por dicho inciso 14, sección 20 de la referida ley.

''IV. Que la corte cometió error al no declarar inválida e ilegal la contribución impuesta por el inciso 14 de la sección 20 de la ley de arbitrios si ésta era considerada como un arbitrio por cuanto la demandada había ya pagado al municipio de Arecibo una contribución por dedicarse a la misma industria a la cual se refiere la contribución impuesta por dicho inciso 14.''

Resumiendo esos motivos de error alegados son los siguientes:

1. Porque es una contribución impuesta a la propiedad, y siéndolo no es uniforme; 2, porque no se impone a todos los dueños de azúcares (*discrimination*); 3, porque se impone a un artículo preparado para exportación, que fué exportado; y 4, porque es una doble contribución.

Nuestra Legislatura decretó en su Ley No. 68 de 28 de julio de 1923 por su artículo 20 y apartado 14 lo siguiente: ''se impondrá, cobrará y pagará como impuesto de rentas internas por una sola vez sobre cada uno de los artículos siguientes: .... 14.—*Azúcar:* Sobre todo quintal de azúcar que se produzca, fabrique o consuma en Puerto Rico, un impuesto de 4 cts.; *Disponiéndose,* que dicho impuesto será

exigido y cobrado por la Tesorería en las propias factorías donde se produzca o fabrique el azúcar y antes de que sea objeto de comercio.''

Un mes después, el 27 de agosto de 1923 la Legislatura en una sesión extraordinaria enmendó el apartado 14 citado de esta manera: ''Toda factoría que produzca, o elabore azúcar en Puerto Rico pagará un derecho de elaboración de cuatro (4) centavos por cada quintal de azúcar que fabrique o produzca; *Disponiéndose,* que dicho impuesto será exigido y cobrado por la Tesorería en las propias factorías donde se produzca o fabrique el azúcar y antes de que sea objeto de comercio.'' Esta enmienda empezó a regir desde su aprobación en la fecha indicada.

A pesar de que la expresada enmienda de 27 de agosto de 1923 produce el efecto de tomar el sitio y formar parte del estatuto en lugar del que desaparece para todo objeto y propósito, tal como si la enmienda siempre hubiera estado allí, según dijo el Tribunal Supremo de los Estados Unidos en el caso de *Blair* v. *City of Chicago,* 201 U. S. 475, y a pesar también de que se reclama el pago por los azúcares elaborados después de estar en vigor la enmienda de 27 de agosto de 1923, sin embargo, el primer motivo del recurso se funda en que es ilegal no la contribución impuesta por esa enmienda sino por la ley enmendada de 28 de julio de 1923, porque se impone la contribución sobre la propiedad de los azúcares y por esto debe ser uniforme.

Si el apartado 14 antes de ser enmendado imponía una contribución sobre la propiedad es cuestión que no es necesario decidir en este momento porque no se basa en él esta reclamación sino en la ley que lo enmendó. La cuestión ahora es si la enmienda de agosto, 1923, impone una contribución sobre la propiedad o es un arbitrio (*excise*).

[1] La citada enmienda no impone contribución sobre los artículos y no trata de cobrar a los dueños de los azúcares, sino que impone la tributación a las factorías por su industria de transformar las cañas en azúcar; y como se impone

a este negocio de elaboración es claramente un arbitrio (*excise*) y es legal porque se impone a todas las factorías que elaboren azúcar y porque nuestra Legislatura tiene facultad para imponer arbitrios, lo cual no se niega por la apelante.

Dados los términos claros de la enmienda reveladores de la intención de la Legislatura, el hecho de que no fuera enmendada la parte general de la sección 20 disponiendo que "se impondrá, cobrará y pagará como impuesto de rentas internas por una sola vez sobre cada uno de los artículos siguientes," no impide sostener que la contribución impuesta es un arbitrio y no una contribución sobre la propiedad.

[2] En cuanto al segundo motivo del recurso tampoco es sostenible porque siendo un arbitrio sobre el negocio o industria de elaborar azúcar, los que a él se dedican son los que tienen que pagarlo aunque las cañas que produzcan el azúcar sean de otras personas, pues la contribución se ha impuesto a las factorías por su negocio de convertir cañas en azúcar y las cañas que los colonos entreguen a las factorías no son molidas por ellos sino por las factorías que a ese negocio se dedican.

[3] El tercer motivo de error se funda, como hemos dicho, en que elaborándose los azúcares para exportación no tienen que pagar ese arbitrio. En apoyo de él se argumenta que puesto que las secciones 43 y 51 de la Ley de julio, 1923, citada dispone que los artículos sujetos por dicha ley a tributación quedarán exentos de su pago cuando se exporten de Puerto Rico y que cualquier artículo sujeto a impuesto por dicha ley podrá ser retirado de la fábrica sin efectuar el pago del impuesto correspondiente al salir de la misma, con el fin de depositarlo en un almacén de adeudo, y que podrá ser retirado del almacén de adeudo para consumo en Puerto Rico previo pago de los derechos correspondientes, o para la exportación libre de impuesto; que puesto que esas dos secciones no han sido enmendadas por la Ley de 27 de agosto, y que puesto que los azúcares se elaboran en Puerto Rico para exportarlos casi totalmente a los Estados Unidos,

debió dicha corte declarar exentos del pago de ese impuesto a los azúcares que elaboró la demandada porque estaban destinados para su exportación a los Estados Unidos y allí fueron exportados.

Si la ley hubiera permanecido redactada como lo estaba en julio, 1923, quizá habría que reconocer que asistía la razón a la apelante, pero la enmienda despejó toda duda y como impuso la contribución (arbitrio) a la industria o negocio de convertir las cañas en azúcares importa poco si los azúcares elaborados por las factorías han de ser exportados de esta Isla pues la contribución no está impuesta al artículo sino a la industria y por esto las secciones 43 y 51 citadas que pueden ser propias para los artículos comprendidos en la sección 20 no tienen aplicación ahora para el arbitrio impuesto a la elaboración de azúcares.

[4] A pesar de que el apartado 14 como fué enmendado claramente impone un arbitrio por la fabricación de azúcares y de que según el artículo 13 del Código Civil cuando la letra de la ley es clara y libre de toda ambigüedad no debe ser menospreciada bajo el pretexto de cumplir su espíritu, insiste la apelante en su alegato adicional en que debe ser interpretada como que impone una contribución sobre la propiedad y que no es un arbitrio porque el apartado 14 enmendado se halla incluído en la sección 20 de la ley, cuyo preámbulo dice que se impondrá, cobrará y pagará el impuesto sobre los artículos que relaciona; pero esto no significa que todos los impuestos que en la sección 20 se especifican sean necesariamente sobre la propiedad sino que dependerá de si han sido impuestos a los artículos mismos o a su elaboración; y así encontramos que se impone sobre la manufactura del alcohol, por el otorgamiento de un affidavit, por las carreras de caballos, que no son ni pueden ser sobre la propiedad, y que se impone sobre vehículos de motor, automóviles, etc., que se fabriquen en Puerto Rico, impuesto que en el caso de *West India Oil Co.* v. *Gallardo,* 6 Federal (2d.) 523, ha sido resuelto que es un arbitrio. Por

consiguiente, el mero hecho de que el preámbulo del artículo 20 diga que se impondrá la contribución sobre los artículos que detalla cuando algunos de ellos son un arbitrio sobre la industria y no sobre la propiedad no es bastante para sostener que las secciones 43 y 51 hayan de aplicarse a todos los apartados que la sección 20 tiene, sino solamente a los que imponen contribución sobre los artículos.

También sostiene la apelante que si la enmienda hecha al apartado 14 cambió la naturaleza del impuesto sobre la propiedad a un arbitrio sobre la industria tal enmienda no tiene validez por ser contraria a nuestra Carta Orgánica, porque de acuerdo con ella la Legislatura en sus sesiones extraordinarias no puede tratar otros asuntos que aquellos para los que haya sido convocada por el Gobernador y que éste convocó a la Legislatura para corregir equivocaciones y discrepancias y armonizar ciertas disposiciones en las leyes de arbitrios y de ingresos con el fin de hacer que el funcionamiento de las leyes, en lo que fuere posible, sea uniforme y sin conflicto, pero no para imponer nuevas contribuciones; y que si dicha enmienda tiene el alcance que le atribuye el apelado entonces creó una contribución sobre las factorías de azúcar que no existía. Esta cuestión no fué señalada como error por lo que podríamos prescindir de considerarla, pero esto no obstante expresaremos nuestro criterio con respecto a la misma.

Nuestra Ley Orgánica actual dispone que la Legislatura no tomará en consideración en sus sesiones extraordinarias ninguna otra legislación que la especificada en la convocatoria, y como fué convocada entre otras cosas para corregir equivocaciones de la ley de arbitrios, que había sido aprobada el mes anterior, la Legislatura estuvo facultada para corregir la equivocación que había hecho en julio anterior al redactar la ley de tal modo que era susceptible de ser interpretada como imponiendo una contribución sobre un artículo que sólo habrían de pagar muy pocos dueños de azúcar porque éstos casi en su totalidad salen de la Isla y la sec-

ción 43 citada había declarado exentos de ella a los azúcares que se exportasen de Puerto Rico, cuando su evidente propósito había sido imponer una contribución sobre el negocio de fabricar azúcares a razón de cuatro centavos por cada quintal que elaboraren, para ayudar de modo efectivo a satisfacer las cargas del tesoro público. No era posible que mientras muchísimos artículos comprendidos en la sección 20 pagaran tributo, quedasen libres de él los azúcares, que es la fuente principal, casi única, de riqueza en esta Isla.

[5] Réstanos considerar el último motivo del recurso fundado en que si se trata del cobro de un arbitrio debe ser declarada ilegal la contribución impuesta porque el apelante había pagado al municipio de Arecibo una contribución por dedicarse a esa industria, según alegó en su contestación como defensa al exponer los motivos por los cuales no estaba obligada a pagar la cantidad que se le reclama. En apoyo de este alegado error expone el apelante que habiendo sido pagada al municipio esa contribución como patente por la elaboración de azúcares, impuesta de acuerdo con la ''Ley de Patentes'' de 1914 (p. 181) que autorizó a los municipios para su imposición, por haber delegado la Legislatura en ellos la facultad de expedir licencias de esa naturaleza, no puede imponer la misma contribución sobre esa industria y cita como único fundamento de su argumentación el caso de *Sucesores de Fantauzzi* v. *El Municipio de Arroyo,* 295 Federal 808.

El caso citado no es de aplicación al presente porque no resuelve que cuando algún municipio ha impuesto y cobrado una patente por la industria de elaborar azúcar no pueda por este motivo imponer igual contribución la Legislatura por haber delegado antes esa facultad a los municipios, sino que habiendo impuesto el municipio una patente por tal industria no puede el municipio imponer otra por realizar las distintas partes o funciones en que puede dividirse el todo o la cosa principal sobre la cual se ha impuesto la contribución, aunque declaró que si el municipio no hubiese llegado

en una tasación anterior al máximum que proveía la ley y surgiese una emergencia que requiriese el cobro de una contribución mayor podría hacerlo imponiendo una contribución adicional que no excediese del máximum autorizado por la ley.

La Legislatura Insular en 1920 autorizó a los municipios por su Ley No. 9 de ese año, artículo 49, apartado *f*, para imponer arbitrios siempre que el objeto o materia de la contribución no lo fuera de algún impuesto federal o insular; y el hecho de que la legislatura concediera a los municipios el derecho de imponer esa contribución no la privó de su derecho para imponerla también. En *Cooley* sobre *Tasaciones*, vol. 4, p. 1705, se dice lo siguiente: "Las contribuciones impuestas a los fabricantes son generalmente arbitrios (*excise*). En un tiempo, durante la Guerra Civil, casi todas las industrias estuvieron sujetas a contribución por el Gobierno Federal, pero sólo algunas son tasadas ahora por la nación o por los estados. Cualquiera de ellas o todas pueden ser impuestas por ambos." Ni la imposición de la contribución por la legislatura, que puede considerarse como una contribución adicional, crea una doble contribución porque uno de los requisitos para que exista la doble contribución es que sea impuesta por el mismo estado o gobierno, y en el tomo primero de la misma obra se contiene la siguiente nota: "4. No existe doble contribución cuando una contribución la impone un estado y la otra contribución un condado o un municipio. *Com.* v. *Hillside Cemetery Co.*, 170 Pac. Stat. 227–228, 32 Atlantic 404." Y en el caso de *El Pueblo* v. *Garzot*, 24 D.P.R. 236, hemos dicho citando también el tratado de Cooley, que las autoridades son claras en cuanto a que el mero hecho de que una contribución sea doble no afecta su validez, a menos que funcione de un modo desigual sobre la misma clase o clases de la comunidad, y que la cuestión de si debe o nó haber una doble contribución generalmente es una cuestión que pertenece a la discreción de la legislatura misma.

*Por las razones expuestas debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.