THE MAYAGÜEZ LIGHT, POWER AND ICE COMPANY, INC., demandante y apelada, *v.* ENRIQUE O. GREEN y JUAN RULLÁN, demandados y apelantes.

No. 3928.—*Visto:* Junio 22, 1926. *Resuelto:* Febrero 25, 1927.

1. CORPORACIONES MUNICIPALES—ADMINISTRACIÓN FISCAL *(Fiscal Management),* DEUDA PÚBLICA, GARANTÍAS *(Securities)* Y CONTRIBUCIONES—CONTRIBUCIÓN U OTRAS RENTAS Y APLICACIÓN DE LAS MISMAS—CONTRIBUCIONES CUYO OBJETO O MATERIA HA SIDO OBJETO DE IMPUESTO, ARBITRIO O CONTRIBUCIÓN FEDERAL O INSULAR—VENTAS DE ARTÍCULOS OBJETO DE COMERCIO.—Gravada la venta de determinado artículo por la Legislatura Insular, los municipios no pueden gravarla otra vez por medio de una ordenanza.

2. APELACIÓN Y ERROR—REVISIÓN—CUESTIONES DISCRECIONALES—IMPOSICIÓN DE O CONDENA EN COSTAS—EN GENERAL.—Entablada demanda de *injunction* contra unos funcionarios municipales—tesorero y alcalde—para impedirles el cobro de cierta contribución impuesta por una ordenanza municipal y resuelto el caso contra ellos sin que se demostrara temeridad por parte de dichos funcionarios, no cabe condenarlos al pago de costas.

SENTENCIA de *Charles E. Foote,* J. (Mayagüez), declarando con lugar demanda de *injunction,* con costas. *Confirmada* en cuanto declara nula la ordenanza y *revocada* en su pronunciamiento de costas.

*Angel A. Vázquez,* abogado de los apelantes; *José Tous Soto,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La Mayagüez Light, Power and Ice Company, una corporación puertorriqueña que tiene su oficina principal en la ciudad de Mayagüez y que se dedica, entre otros negocios, al de fabricación y venta de hielo, al por mayor y al detall, radicó una demanda de *injunction* en la corte de distrito competente contra Enrique O. Green y Juan Rullán, como tesorero y alcalde, respectivamente, del municipio de Mayagüez, en solicitud de que se prohibiera a dichos funciona-

rios el cobro de cierta contribución impuéstale por una or-
denanza municipal.

Excepcionaron y contestaron los demandados. Se cele-
bró una vista en la que ambas partes practicaron prueba, y
sometido el caso finalmente a la corte ésta lo resolvió en
contra de los demandados quienes apelaron señalando en su
alegato cinco errores cometidos, a su juicio, por la corte, 1,
al desestimar la excepción de indebida acumulación de par-
tes demandadas, 2, al desestimar la excepción de ambigüe-
dad, 3, al desestimar la excepción de falta de hechos deter-
minantes de la acción ejercitada, 4, al declarar con lugar la
demanda estimando la prueba practicada suficiente, y 5, al
imponerles las costas.

La resolución del caso depende de si es nula o no en sí
misma o aplicada a la demandante la Ordenanza Municipal
de Mayagüez aprobada en febrero 1 de 1926, imponiendo
un arbitrio o contribución de cinco centavos por cada quin-
tal de hielo que se venda en el municipio.

[1] Discutiremos los errores tres y cuatro conjuntamente,
esto es investigaremos si las alegaciones y las pruebas exa-
minadas a la luz de la ley y la jurisprudencia demuestran o
no la nulidad indicada.

Parece conveniente comenzar transcribiendo la parte que
sigue de la opinión emitida por la corte de distrito para
fundar la sentencia apelada. Es así:

"La demandante impugna la validez de dicha ordenanza por va-
rios fundamentos, entre ellos, que la contribución que impone dicha
ordenanza no es uniforme, que impone una doble contribución, que
se ha decretado y aprobado por la Asamblea Municipal de Maya-
güez sin facultad ni poder alguno para ello y en contra de la Ley
y que el tipo de contribución es confiscatorio. Se alega en la de-
manda y se acepta en la contestación que la demandante paga al
Municipio de Mayagüez una contribución por volumen de su nego-
cio de hielo, de acuerdo con la ley aprobada por la Asamblea Legis-
lativa de Puerto Rico, con el número 26, en 28 de marzo de 1914,
que lo comprende en el grupo 'A' de su sección (2). Dicha ley
dispone que la contribución establecida por la misma, que designa

como patente, se pagará sobre la base de volumen de los negocios, entendiéndose por esto los ingresos brutos que tengan en cualquier Municipio, el negocio o industria, sin tenerse en cuenta sus ganancias o beneficios, que se determinan por el importe de las ventas, tratándose de tiendas, casas de comercio u otras industrias. La ordenanza aprobada por el Municipio de Mayagüez impone un arbitrio o contribución Municipal de cinco centavos por cada quintal de hielo que se venda en la Ciudad o Municipio de Mayagüez. Y las reglas dictadas por el Tesorero y aprobadas por el Alcalde en cumplimiento de la Ordenanza, imponen la obligación a todo el que vendiere al público hielo en la Ciudad de Mayagüez, de rendir el día último de cada mes una declaración jurada que contenga exactamente el número de quintales de hielo que hubiere vendido durante dicho mes. Por estas disposiciones se ve claramente que la llamada Ley de Patentes y la citada Ordenanza Municipal de Mayagüez imponen su contribución sobre un mismo objeto, le sirve una misma materia de fuente contributiva y establecen, por consiguiente, una doble contribución. Además los negocios e industrias comprendidos en cualquiera de los grupos enumerados por la Ley de Patentes de 1914, no pueden ser objeto de ninguna otra contribución Municipal, así como tampoco pueden serlo ninguno de los elementos constituyentes y esenciales de dichos negocios e industrias. (Sucesión de Fantauzzi v. Municipio de Arroyo, 295 U. S. Fed. R., 803.) En el único precepto legal que se podía amparar la Asamblea Municipal de Mayagüez para imponer la contribución citada por dicha Ordenanza, es en el apartado F del artículo 43 de la Ley Municipal (página 727, Leyes 1925), en el que se dispone que los ingresos Municipales se constituirán de cualquier impuesto, arbitrio o contribución que se decrete por la Asamblea Municipal, siempre que su objeto o materia no haya sido objeto de algún impuesto, arbitrio o contribución Federal o Insular. Pero ya en el citado caso de Fantauzzi la Corte de Circuito de apelaciones, Primer Circuito resolvió que esta facultad de imponer contribuciones los Municipios se refería a negocios o industrias que no hubieran estado comprendidos en la Ley de Patentes de 1914, y nosotros ahora añadimos, siguiendo la letra clara, y el espíritu de dicho precepto legal, que dicha facultad Legislativa no podrá ponerse en práctica cuando la materia u objeto de la contribución, arbitrio, o impuesto Municipal haya sido objeto de algún impuesto, arbitrio o contribución Federal o Insular. En este caso la materia u objeto del impuesto creado por la impugnada ordenanza Municipal de Mayagüez, es la venta de hielo. Pero esta misma materia ya ha sido objeto de la Ley de la Asam-

blea Legislativa de Puerto Rico sobre Rentas Internas, aprobada con el número 85 en la última Legislatura de 1925, que en su sección sexta impone una contribución del 2% sobre el precio o valor de las ventas diarias de cualesquiera artículos u objeto de comercio, que no tuvieran especificados en la sección 16 de dicha Ley, o exentos de contribución según lo dispuesto en la misma. El hielo no está especificado en la sección 16, pero en las excepciones, que figuran en el artículo 83, se declaró exenta del pago de dicha contribución la venta de víveres, comestibles y productos alimenticios. Si el hielo no es un producto alimenticio, entonces está comprendido en la Ley de Ventas de la Asamblea Legislativa de Puerto Rico y no puede ser materia u objeto de contribución alguna Municipal. Y si el hielo es un artículo alimenticio, ha sido expresamente eximido de contribución sobre su venta por la misma Ley de la Legislatura, y no puede ser gravado, en violación de dicha disposición por una Asamblea Municipal cuyos poderes emanan del poder Legislativo Insular y cuyas ordenanzas y resoluciones no pueden estar en conflicto con las Leyes de la Legislatura.''

¿Qué demostró la prueba? Sólo dos testigos declararon: Rodolfo Vera, por la demandante, y Enrique O. Green por los demandados. El primero dijo que la demandante además de a la fabricación se dedicaba a la venta de hielo fabricado, al por mayor y al detall; que la demandante es la única que se dedica a ese negocio en Mayagüez; y que el impuesto de cinco centavos por quintal, dado el precio a que se vende el hielo representa un siete por ciento del producto bruto de las ventas. Y Green manifestó que como Tesorero que es del municipio recibe las declaraciones sobre el volumen de los negocios; que recibió la de la demandante por generación de luz eléctrica y fabricación de hielo, por venta de hielo no. Repreguntado: ¿Pero de acuerdo con la ley no debería involucrarse?, contestó: ''Hoy no están involucrados; están aparte, en el libro de patentes municipales que yo llevo, pues está una patente por hielo simplemente, otra por luz eléctrica y otra por venta de efectos eléctricos''. Vuelto a repreguntar, ''¿Ud. también tiene datos en su oficina de cuál es el volumen de cada uno de los negocios a que se dedica la Mayagüez Light and Ice Co.?'',

contestó: "Sí, señor, para este año tengo por ejemplo, la electricidad con ciento diez y nueve mil dólares, el volumen ciento diez y nueve mil dólares y el volumen del negocio del hielo con sesenta mil pesos." Y el testigo contestó además que por cada negocio la demandante pagaba una patente distinta.

Según la opinión que del caso hemos formado no es necesario estudiar todos los motivos en que basó su sentencia la corte de distrito para resolver si están o no bien fundados. A nuestro juicio la sentencia se sostiene claramente por el último, a saber: una vez que la Legislatura por virtud de la Ley No. 85 de 1925 sobre contribución sobre ventas había cubierto el campo que invadió el municipio por su ordenanza de febrero 1, 1926, la actuación del último no puede prevalecer.

La sección 62 de la citada Ley No. 85 de 1925, dice:

"Se impondrá y cobrará sobre las ventas de cualesquiera artículos objeto de comercio, que no estén especificados en la sección 16 de esta Ley, o exentos de contribución según lo dispuesto en la misma, una contribución del dos (2) por ciento sobre el precio o valor de las ventas diarias, bien de contado o bien a crédito, de dichos artículos, la cual contribución deberá pagar al final de cada mes la persona que haya efectuado dichas ventas."

Se acepta que la venta de hielo no está exenta y como tampoco está especificada en la sección 16, es necesario concluir que está gravada por la ley insular.

La ley y la ordenanza gravan, pues, la misma materia. ¿Pueden subsistir ambos gravámenes? En el caso de que no puedan ¿cuál de ellos debe prevalecer?

Para sostener que ambos gravámenes pueden subsistir citan los apelantes la decisión de esta corte en el caso del *Pueblo* v. *Central Los Caños,* 35 D.P.R. 28.

En efecto, en dicho caso, esta corte dijo:

"La Legislatura Insular en 1920 autorizó a los municipios por su Ley No. 9 de ese año, artículo 49, apartado *f,* para imponer ar-

bitrios siempre que el objeto o materia de la contribución no lo fuera de algún impuesto federal o insular; y el hecho de que la legislatura concediera a los municipios el derecho de imponer esa contribución no la privó de su derecho para imponerla también. En Cooley sobre Tasaciones, vol. 4 p. 1705, se dice lo siguiente: 'Las contribuciones impuestas a los fabricantes son generalmente arbitrios (excise). En un tiempo, durante la Guerra Civil, casi todas las industrias estuvieron sujetas a contribución por el Gobierno Federal, pero sólo algunas son tasadas ahora por la nación o por los estados. Cualquiera de ellas o todas pueden ser impuestas por ambos.' Ni la imposición de la contribución por la legislatura que pueda considerarse como una contribución adicional, crea una doble contribución porque uno de los requisitos para que exista la doble contribución es que sea impuesta por el mismo estado o gobierno, y en el tomo primero de la misma obra se contiene la siguiente nota: '4. No existe doble contribución cuando una contribución la impone un estado y la otra contribución un condado o un municipio. Com. v. Hillside Cemetery Co., 170 Pac. Stat. 227–228, 32 Atlantic 404.' Y en el caso de *El Pueblo* v. *Garzot*, 24 D.P.R. 236, hemos dicho citando también el tratado de Cooley, que las autoridades son claras en cuanto a que el mero hecho de que una contribución sea doble no afecta su validez, a menos que funcione de un modo desigual sobre la misma clase o clases de la comunidad, y que la cuestión de si debe o no haber una doble contribución generalmente es una cuestión que pertenece a la discreción de la legislatura misma.''

Como puede verse la decisión de esta corte en sí misma sólo es autoridad para sostener la contribución impuesta por la Legislatura Insular. Y las citas que contiene no son aplicables dados los términos en que están redactadas las leyes de Puerto Rico y la interpretación dada a las mismas tanto por la Corte de Circuito de Apelaciones del Primer Circuito como por la Corte Suprema Nacional en los casos de *Sucesión Fantauzzi* v. *Municipio de Arroyo*, 295 Fed. 803 y *Cami* v. *Central Victoria*, 268 U. S. 468.

[2] Los otros fundamentos de la excepción previa, no requieren un detenido estudio. Sólo examinaremos la cuestión de costas. Creemos que los apelantes tienen razón. En su alegato la parte apelada se limita a decir:

"La Corte inferior se ha ajustado estrictamente a la ley y a la jurisprudencia. Ha ejercitado a nuestro juicio, rectamente su discreción."

Por el contrario estimamos de peso las razones alegadas por los apelantes a saber:

"Es cierto que los demandados se opusieron a la demanda y fueron a juicio, pero no debemos perder de vista el hecho de que ellos fueron demandados en su carácter oficial de Tesorero Municipal y Alcalde, respectivamente, del Municipio de Mayagüez para que se les prohibiera la ejecución de una Ordenanza aprobada por la Asamblea Municipal.

"Ellos no podían allanarse a la demanda ni dejar de contestarla, Art. 29 de la Ley Municipal vigente, porque para tal cosa no tenían el consentimiento de la Asamblea Municipal.

"Y siendo ello así, no puede estimarse que por parte de los demandados haya habido temeridad en este asunto, por lo cual la condena de costas, es, a nuestro entender, una medida demasiado rigurosa de la Hon. Corte Sentenciadora."

A nuestro juicio no era éste un caso propio para la imposición de costas, y en tal virtud *debe revocarse la sentencia apelada en cuanto por ella se impusieron las costas a los demandados y confirmarse en todos sus demás pronunciamientos.*