WEST INDIA OIL COMPANY, demandante y apelada, *v.* MANUEL V. DOMENECH, TESORERO DE PUERTO RICO, demandado y apelante.

No. 6708.—*Sometido:* Marzo 24, 1936. *Resuelto:* Abril 17, 1936.

802

*Hon. Procurador General B. Fernández García (Benjamín J. Horton en el alegato) y R. Cordovés Arana, Procurador General Auxiliar,* abogados del apelante; *R. Castro Fernández y José López Baralt,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO, emitió la opinión del tribunal.

En 30 de septiembre de 1930, el Gobierno de Puerto Rico, por mediación de su Negociado de Materiales, Imprenta y Transporte, llevó a efecto una subasta pública para la adquisición de 899,925 galones de asfalto. La corporación West India Oil Company sometió una oferta para suministrar al Gobierno la cantidad de asfalto requerida, por el precio de $0.0920 por cada galón entregado en los puertos de San Juan y Arecibo, y de $0.0895 por galón, si la entrega se hacía en uno de los otros puertos de la Isla.

Después de aceptada su oferta, la demandante entregó al Gobierno 871,538 galones de asfalto, por un precio que ascendió en total a $79,256.32.

En 30 de octubre de 1930, la demandante y apelada pagó al Gobierno de Puerto Rico el arbitrio de uno por ciento (1%) sobre el precio total del asfalto entregado, que le fué impuesto por el Tesorero de Puerto Rico de acuerdo con lo dispuesto por la sección 16, subdivisión 5, de la Ley núm. 85 de 1925 (pág. 585), tal como fué enmendada por la Ley núm. 17 de junio 3 de 1927 (pág. 459). Dispone la citada sección que toda persona que obtiene un contrato para suministro de materiales, celebrado por el Gobierno Insular o por una de sus dependencias, debe pagar, en concepto de arbitrios, el uno por ciento del montante del contrato.

En 12 de abril de 1932, el Tesorero de Puerto Rico requirió a la corporación demandante para que pagase al Gobierno la suma de $1,585.11, por concepto de contribuciones de 2 por ciento sobre el precio de venta del asfalto entregado al Gobierno, alegando que la imposición de dicho arbitrio de 2 por ciento está autorizada por las disposiciones del artículo 62 de la ya citada Ley núm. 85 de 1925, enmendada por la núm. 17 de junio 3, 1927. La demandante pagó al Tesorero de Puerto Rico, bajo protesta, la suma de $1,585.11 por concepto de contribución de 2 por ciento sobre la venta del asfalto, más $398.04 por recargos e intereses sobre el importe de dicha contribución, más $150 importe de seis multas administrativas de $25 cada una, impuestas por el Tesorero como penalidad por no haberse verificado el pago de la contribución antes del día 21 de abril de 1932.

La demandante apelada, por medio de esta acción, reclama la devolución de las cantidades por ella pagadas bajo protesta, las que ascienden a un total de $2,133.15, alegando que la imposición y cobro de una contribución de 2 por ciento sobre el precio del asfalto vendido al Gobierno Insular, es ilegal, por tratarse de una venta de materiales para uso del mismo gobierno y además de un contrato celebrado con un Departamento del Gobierno Insular, para el suministro de materiales, y como tal expresamente gravado con un arbitrio de 1 por ciento bajo la sección 16, subdivisión 5, de la Ley

núm. 85 de 1925, enmendada por la Ley núm. 17 de junio 3 de 1927, y por lo tanto expresamente excluído de las disposiciones de la sección 62 de la misma ley.

Ambas partes han aceptado como un hecho, que en el precio fijado y cobrado por la demandante, por el asfalto entregado al Gobierno, no se incluyó cantidad alguna por concepto de contribución de 2 por ciento sobre el montante de la venta.

El Tesorero de Puerto Rico sostiene la legalidad de los cobros hechos por él a la demandante, alegando que la sección 16 de la Ley de Rentas Internas de Puerto Rico, según quedó enmendada por la Ley núm. 17 de junio 3 de 1927, no impone contribución alguna a la venta, uso o consumo de asfalto en Puerto Rico; que el cobro a la demandante del impuesto de 2 por ciento sobre la venta de dicho asfalto no infringe las disposiciones de la sección 62 de la misma ley; que el arbitrio de 1 por ciento que fija el apartado 5, epígrafe "Otros Arbitrios" de la sección 16 de la citada ley, se impone a la obtención por la demandante del contrato para suministrar asfalto al Gobierno, y no sobre la venta de dicho asfalto; y finalmente, que el pago del arbitrio de 1 por ciento no exime a la demandante del pago de la contribución de 2 por ciento sobre la venta del asfalto, porque la prohibición contenida en la sección 62 se refiere únicamente a la venta de artículos que no estén gravados en la sección 16, y no incluye la venta de asfalto, la que no está sujeta a arbitrio por ninguna de las disposiciones de dicha sección 16.

De la sentencia dictada por la corte inferior ordenando la devolución de las cantidades reclamadas, el demandado ha apelado para ante esta corte.

Las disposiciones de la "Ley de Rentas Internas de Puerto Rico" (Ley núm. 85 de 1925, enmendada por la Ley núm. 17 de 1927) envueltas en esta controversia, textualmente leen así:

"Sección 16.—Se cobrará y pagará como impuesto de rentas internas por una sola vez lo siguiente:

"Otros Arbitrios.

"5. *Contratos.*—Toda persona que obtenga contratos para el suministro de cualquier material, . . . . celebrados con un Departamento del Gobierno Insular . . . o con cualquier organismo que dependa del Gobierno Insular, . . . deberá pagar, en concepto de arbitrios, el uno (1) por ciento del montante del contrato; . . .

"Sección 62.—Se impondrá y cobrará por una sola vez, sobre las ventas de cualesquiera artículos objeto de comercio, que no estén gravados en la Sección 16 de esta Ley, o exentos de contribución según lo dispuesto en la Sección 83 de la misma, al tiempo de verificarse la venta en Puerto Rico, una contribución del dos (2) por ciento sobre el precio o valor de las ventas diarias, bien de contado, o bien a crédito de dichos artículos, la cual contribución deberá pagar al final de cada mes la persona que haya efectuado dichas ventas."

El contrato celebrado por la West India Oil Company con el Negociado de Materiales, Imprenta y Transporte, que es un organismo que depende del Gobierno Insular, es un contrato de compraventa por el que la citada corporación se comprometió a entregar una cantidad de asfalto y el gobierno a pagar el precio estipulado por cada galón de asfalto que le fuera entregado. No tenemos duda de que dicho contrato cae de lleno dentro de las disposiciones de la Sección 16 (subdivisión 5) de la Ley de Rentas Internas, y que la corporación vendedora estaba obligada a pagar el arbitrio de 1 por ciento sobre el montante del contrato.

No podemos aceptar como válida la contención del Tesorero apelante al efecto de que el arbitrio de 1 por ciento que impone dicha sección 16 es un tributo que se cobra por el privilegio de contratar con el Gobierno. El texto de dicha sección es tan claro, que no podemos interpretarlo en un sentido contrario a la evidente intención del legislador. El hecho de que el arbitrio se impone a "toda persona que obtenga contratos para el suministro de cualquier material" al gobierno, no es suficiente para sostener la contención del apelante, pues el efecto legal de las palabras que hemos colocado entre comillas es imponer un arbitrio al contrato de venta de materiales, y la obligación de pagarlo, al ven-

dedor. ¿Qué es después de todo el vendedor, sino una persona que ha obtenido un contrato para suministrar o entregar alguna cosa a otra persona?

Podríamos inclinarnos a aceptar la teoría del demandado, si el arbitrio provisto por la Sección 16 fuese una cantidad fija y uniforme, igual para todos los contratos de suministro al gobierno, sin tomar en consideración el precio de los artículos o materiales objeto del contrato. La disposición legal que comentamos impone el arbitrio de 1 por ciento sobre el montante del contrato, o sea sobre el importe o valor de los materiales vendidos o suministrados al gobierno. Se trata indiscutiblemente de un arbitrio sobre la venta de materiales, entre los que está incluído el asfalto, que es un artículo objeto de comercio.

Sentada la premisa de que el uno por ciento (1%) pagado por la corporación demandante, es un arbitrio sobre la venta de materiales al Gobierno, de acuerdo con la sección 16, supra, tenemos que llegar a la conclusión de que el Tesorero de Puerto Rico no está legalmente autorizado para imponer a esa misma venta la contribución de 2 por ciento provista por la sección 62, supra, pues dicha sección dispone específicamente que la contribución se impondrá y cobrará, por una sola vez, sobre las ventas de aquellos artículos objeto de comercio, que no estén gravados en la sección 16 de la Ley.

Para sostener que el Tesorero de Puerto Rico está facultado para cobrar a la demandante ambos arbitrios, *el 1 por ciento sobre el montante del contrato,* de acuerdo con la sección 16, supra, y *el 2 por ciento sobre el precio o valor de la venta del asfalto,* de acuerdo con la sección 62, supra, tendríamos que admitir que la intención de la Legislatura fué la de imponer una doble contribución sobre la misma materia tributable, o sea sobre toda venta de materiales o artículos de comercio, hecha por cualquier persona, cuando el comprador es el Gobierno Insular o una de sus dependencias. No podemos admitir que tal fuese la intención del legislador, pues el lenguaje claro y preciso de las disposi-

ciones legales que comentamos nos lleva a la conclusión contraria. Véase *Pueblo* v. *Irizarry*, 46 D.P.R. 898, 904.

En el alegato sometido por la parte apelada, encontramos autoridades suficientes para sostener nuestra opinión de que al exigir a la demandante el pago del 2 por ciento sobre el valor del asfalto, el Tesorero de Puerto Rico actuó sin autorización legal para ello.

Una nota en 60 L.R.A. 366, que traducimos, lee así (bastardillas nuestras):

"En los casos en que se alega la doble contribución se presenta siempre la cuestión preliminar: ¿Es la contribución que se disputa realmente doble? Desde luego, si no lo es; *si recae sobre diferentes materias, aunque sea uno mismo el contribuyente que deba pagarla;* o, si recae sobre diferentes contribuyentes, aun cuando grave la misma propiedad; *o si fuere impuesta por distintos gobiernos,* entonces, no viola la regla constitucional de igualdad y uniformidad de la tributación . . .

"*La contribución no es doble a menos que recaiga sobre la misma propiedad y dentro de una misma jurisdicción.*"

La interpretación que da el Tesorero de Puerto Rico a la Ley de Rentas Internas en el caso de autos es contraria a la regla que acabamos de transcribir, pues las dos contribuciones recaen sobre el mismo objeto, el precio o valor del asfalto vendido al gobierno; deben ser pagadas por el mismo contribuyente, la demandante; y son impuestas por uno solo y no por distintos gobiernos.

En el caso de *El Pueblo* v. *Dávila*, 47 D.P.R. 357, esta corte dijo:

"Es regla general que para que exista una doble tributación, ambas contribuciones deben ser de la misma naturaleza y recaer sobre una misma cosa . . ."

Somos de opinión que la clara y evidente intención de la Legislatura ha sido imponer a las ventas de materiales hechas al gobierno una sola tributación de uno por ciento sobre el montante del contrato de venta, de acuerdo con la sección 16, subdivisión 5, de la Ley de Rentas Internas; y que el cobro

del 2 por ciento provisto por la sección 62 de esa misma ley, sobre el montante de esa misma venta, es contrario a la ley.

*Debe confirmarse la sentencia apelada, pero modificándola en el sentido de que la suma de $2,133.15 cuya devolución se ordena devengará intereses legales solamente desde el día 19 de abril de 1933, fecha en que se radicó la demanda, de acuerdo con lo dispuesto por la Ley núm. 8 de 19 de abril de 1927.*