ULPIANO CASAL, demandante y apelado, *v.* RAFAEL SANCHO BONET, TESORERO DE PUERTO RICO, demandado y apelante.

Núm. 7716.—*Sometido:* Abril 25, 1938. *Resuelto:* Julio 6, 1938.

*Hon. Procurador General B. Fernández García y Enrique Córdova Díaz, Subprocurador General Auxiliar,* abogados del apelante; *Dubón & Ochoteco,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

La parte apelada solicita la desestimación de la apelación interpuesta en este caso por frívola. El apelante se opuso por escrito y oralmente.

De los autos aparece que entre abril 6, 1933 y agosto 30, 1935, el demandante vendió al Gobierno Insular artículos por valor de $28,432.40, al Gobierno de la Capital por el de $22,002.50, a la Puerto Rico Emergency Relief Administration, por el de $1,149.68 y al Gobierno Federal por el de

$449.93. Como no pagara el arbitrio del dos por ciento sobre ventas que impone la Ley de Rentas Internas por su sección 62 y el Tesorero lo requiriera para que verificara dicho pago, lo hizo bajo protesta y recurrió a la corte de distrito reclamando su devolución.

En el pleito compareció el Tesorero. Excepcionó la demanda. Su excepción fué declarada sin lugar, citándose como fundamento lo resuelto por esta Corte Suprema en el caso de *West India Oil Co.* v. *Domenech, Tesorero,* 49 D.P.R. 801. Contestó. Fué el pleito a juicio y la corte lo resolvió por sentencia de enero 15 último declarando la demanda con lugar.

No conforme el Tesorero, apeló, y el contribuyente presentó la moción de desestimación que estamos considerando.

La cuestión fundamental envuelta en el recurso fué resuelta en verdad en contra del Tesorero en el caso de *West India Oil Co.* v. *Domenech,* 49 D.P.R. 801, 806, como sigue:

". . . La disposición legal que comentamos impone el arbitrio de 1 por ciento sobre el montante del contrato, o sea sobre el importe o valor de los materiales vendidos o suministrados al gobierno. Se trata indiscutiblemente de un arbitrio sobre la venta de materiales, entre los que está incluído el asfalto, que es un artículo objeto de comercio.

"Sentada la premisa de que el uno por ciento (1%) pagado por la corporación demandante, es un arbitrio sobre la venta de materiales al Gobierno, de acuerdo con la sección 16, supra, tenemos que llegar a la conclusión de que el Tesorero de Puerto Rico no está legalmente autorizado para imponer a esa misma venta la contribución de 2 por ciento provista por la sección 62, supra, pues dicha sección dispone específicamente que la contribución se impondrá y cobrará, por una sola vez, sobre las ventas de aquellos artículos objeto de comercio, que no estén gravados en la sección 16 de la Ley."

Eso en cuanto a las ventas a los gobiernos insular y municipal. En cuanto a las que se hicieron a la Puerto Rico Emergency Relief Administration, una agencia federal que funciona en Puerto Rico, y al propio Gobierno Federal, la cuestión de la falta de autoridad para el cobro es tan evidente de acuerdo con lo resuelto en los casos de *Panhandle Oil Co.* v. *State of*

*Mississippi,* 277 U. S. 218, *Graysburg Oil Co.* v. *Texas,* 278 U. S. 582, y *Graves* v. *Texas Co.,* 298 U. S. 393, que el propio Tesorero en su impugnación expresamente consigna que está conforme en ese extremo con la sentencia apelada.

El Tesorero sin embargo insiste en que su apelación no es frívola, porque tiene la intención de levantar en ella la siguiente cuestión que alega que es nueva en esta jurisdicción, a saber:

"Que aceptada como premisa que no pueden válidamente imponerse ambas contribuciones, o sea, la del 1% y la del 2% en estos casos, debe imponerse la contribución del 2% establecida por la Sección 62 de la Ley de Rentas Internas y no la del 1% que provee la Sección 16 en su inciso 5, ya que la Sección 62 fué aprobada con posterioridad al inciso 5 de la Sección 16 y tratando ambas disposiciones de la misma contribución, como lo ha resuelto este Hon. Tribunal, debe lógicamente entenderse que la intención legislativa fué la de sustituir e imponer esta contribución del 2% sobre ventas para todos los casos de contribuciones de ventas, incluyendo las ventas al Gobierno Insular y a los municipios; porque además, una interpretación contraria a ésta, traería como resultado la existencia de un discrimen para las personas que venden materiales al Gobierno y a los municipios sobre las personas que venden materiales a entidades particulares, y no debe presumirse que la Asamblea Legislativa tuvo esa intención."

En primer lugar, esa cuestión no fué levantada en la corte inferior donde pudo y debió hacerlo el demandado, y en segundo lugar como sostiene el demandante en su réplica a la impugnación de su moción "el arbitrio del 1 por ciento sobre el valor de los contratos con el Gobierno Insular o los municipios, quedó impuesto por el inciso 42 de la Sección 16 de la Ley de Rentas Internas, cuando fué originalmente aprobada en 20 de agosto, 1925 (Leyes de Puerto Rico, 1925, pág. 605), y fué en esa misma ley y bajo la sección 62, que se impuso la contribución del 2 por ciento sobre las ventas en general (Leyes de Puerto Rico, 1925, pág. 627). La enmienda objeto de la Ley núm. 17, aprobada el 3 de junio, 1927 (Leyes de Puerto Rico, 1927, pág. 459), en cuanto concierne al arbi-

trio del 1 por ciento sobre el valor de los contratos con el Gobierno Insular o con los municipios, consistió esencialmente en cambiarle la numeración que tenía como inciso 42 de la sección 16, para convertirlo en la subdivisión o inciso 5 de la sección 'Otros Arbitrios' que se intercaló en y se hizo parte de la misma sección 16, reproduciéndose sustancialmente con esa nueva numeración, en la ley enmendatoria, el inciso 42 de la sección 16 en la ley original. (Leyes de Puerto Rico, 1927, pág. 473.) Pero por esa misma Ley núm. 17 del 3 de junio, 1927, quedó también enmendada la sección 62 de la ley original que proveía el arbitrio del 2 por ciento sobre las ventas (Leyes de Puerto Rico, 1927, pág. 473), sin que desde entonces haya vuelto a ser enmendada.''

Esto aparte de que las derogaciones tácitas no son favorecidas y de que como sostiene también el demandante en su dicha réplica ''las disposiciones del inciso 5 de la sección 'Otros Arbitrios' de la sección 16, pueden armonizarse con las de la sección 62, pudiendo por lo tanto subsistir ambas por no estar en conflicto, máxime cuando de adoptarse la interpretación que pretende el demandado apelante, resultaría perjudicado el contribuyente a quien debe concederse en su favor en todo momento aquella interpretación que más le beneficie cuando se trata de exacciones contributivas.''

Por último, alega el apelante que su recurso no es frívolo porque está envuelta la condena de costas, habiéndosele impuesto el pago de ciento cincuenta dólares por honorarios de abogado cuando en verdad él no ha sido temerario.

La corte sentenciadora después de exponer en su relación del caso y opinión ampliamente los fundamentos de su criterio, dijo:

''A la luz de tan claros principios sostenidos por la Corte Suprema de los Estados Unidos y la de Puerto Rico, creemos que el demandado ha procedido con temeridad en este caso y de acuerdo con la Ley núm. 99 de 1931 (sic), según fué enmendada en 4 de mayo de 1933 (sic), la Corte cree que debe condenar al demandado al pago de honorarios de abogados, que se fijan en la cantidad de $150.00.''

Bajo las circunstancias que hemos visto que concurren no creemos que errara la corte sentenciadora al adoptar tal medida.

Siendo ello así, no debe mantenerse en pie por más tiempo un recurso que estudiado en todos sus aspectos se concluye que no puede prosperar por carecer de base sólida alguna. *Es frívolo y debe en tal virtud desestimarse.*

El Juez Asociado Señor De Jesús no intervino.