CARLOS R. ROSSI, demandante y apelado, *v.* MANUEL V. DOMENECH, sustituído por R. SANCHO BONET, TESORERO DE PUERTO RICO, demandado y apelante.

Núm. 7539.—*Sometido:* Junio 14, 1938. *Resuelto:* Julio 13, 1938.

*Hon. Procurador General B. Fernández García, R. Cordovés Arana y Manuel Rodríguez Ramos, Procuradores Generales Auxiliares,* abogados del apelante; *Pablo Defendini,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Los hechos de este caso aparecen de la siguiente estipulación de las partes:

"I.—Que en marzo 6 de 1933 el demandante suministró a virtud de contrato al Gobierno Insular, por orden núm. 7404 del Negociado de Materiales, Imprenta y Transporte de dicho Gobierno, 10 toneladas de 'straight 40% gelatin dynamite, in 1″ × 8″ sticks packed in cases containing 50 lbs. each, manufactured by the Austin Powder Co., of Cleveland, Ohio;' '30,000 No. 6 Blasting Caps,' y '5,000 No. 6 intantaneous electrict Blasting caps with 8 feet wires;' siendo el montante del contrato la suma de $5,146.62.

"II.—Que el Gobierno Insular cobró al demandante 1% de arbitrios sobre el montante de dicha transacción, o sea la suma de $51.47, bajo lo dispuesto en la subdivision 5, Sección 16, Ley 85 de 1925 (Leyes de 1925, pág. 585), tal como fué enmendada por la Ley 17 de 1927 (Leyes de 1927, pág. 459).

"III.—Con fecha 30 de junio de 1933, a requerimiento del demandado, entonces Manuel V. Domenech, como Tesorero de Puerto Rico, el demandante pagó a éste la suma de $514.66 por concepto de arbitrios bajo la misma ley anteriormente citada, y de acuerdo con el inciso siguiente:

" 'Sección 16.—Se cobrará y pagará como impuesto de rentas internas por una sola vez lo siguiente:

" ' *       *       *       *       *       *       *

" '35.—*Dinamita, pólvora, fulminantes y mechas para barrenos.*— Sobre toda dinamita, pólvora, fulminantes y mechas para barrenos, que se venda, traspase, use o consuma en Puerto Rico, un impuesto de diez (10) por ciento *ad valorem.*'

"IV.—Que la cantidad relacionada en el párrafo anterior, $514.66, fué pagada por el demandante al demandado bajo protesta el día 30 de junio de 1933, por mediación del Colector de Rentas Internas de San Juan, Sr. Lucas Jiménez, y el Agente de Rentas Internas, Sr. A. Hidalgo, según comprobantes que se acompañan.

"V.—Que los materiales suministrados al Gobierno por el demandante que se mencionan en el apartado I de esta estipulación fueron introducidos por el demandante en esta Isla expresamente para su venta al Gobierno."

El apelado obtuvo una sentencia en la corte inferior mediante la cual se ordenó al Tesorero que le devolviera los $514.66, supra, con intereses legales desde la fecha de la radicación de la demanda hasta su definitivo pago, más costas y $25 de honorarios de abogado. Es de esta sentencia que apela el Tesorero.

El único señalamiento de error atacó la procedencia de todos los pronunciamientos de la sentencia. Las disposiciones de ley envueltas en esta controversia son las siguientes:

"Sección 16.—Se cobrará y pagará como impuesto de rentas internas por una sola vez lo siguiente:

" * *       *       *       *       *       *       *

"35.—*Dinamita, pólvora, fulminantes y mechas para barrenos.*— Sobre toda dinamita, pólvora, fulminantes y mechas para barrenos, que se venda, traspase, use o consuma en Puerto Rico, un impuesto de diez (10) por ciento *ad valorem.*" (Ley Núm. 85 de 1925, págs. 591 y 603.)

## "OTROS ARBITRIOS

"1.—    .        .        .        .        .        .        .        .

"5.—*Contratos.*—Toda persona que obtenga contratos para el suministro de cualquier material, equipo, herramienta o maquinaria, o para la ejecución de cualquier obra, celebrados con un Departamento del Gobierno Insular o Municipal, o con cualquier organismo que dependa del Gobierno Insular o Municipal, o con cualquier organismo, junta o comisión creados por las leyes de Puerto Rico, o con cualquier funcionario o empleado en el Servicio del Gobierno Insular o Municipal, o ante cualquier funcionario o miembro de un organismo, junta o comisión, creados por las leyes de Puerto Rico, deberá pagar, en concepto de arbitrios, el uno (1) por ciento del montante del contrato; *Disponiéndose,* que si durante la ejecución de este contrato el montante del mismo es aumentado, el contratista o abastecedor deberá, asimismo, pagar un impuesto adicional equivalente al uno (1) por ciento del aumento obtenido." (Ley núm. 17 de 1927, enmendando ciertas secciones de la Ley núm. 85 de 1925, supra, Leyes de 1927, págs. 459, 473.)

El apelante descansa fuertemente en la palabra "introducidos," la cual no hemos podido encontrar en los volúmenes correspondientes a los años 1925 y 1927 que contienen las leyes para dichos años. Él sostiene que la "introducción" a Puerto Rico es una transacción enteramente independiente y separada de la "venta" o "contrato" con el Gobierno. Asumiendo a los fines de la argumentación que la palabra "introducidos" aparezca en la sección 16, supra, no podemos convenir con el apelante en que su presencia obviaría la dificultad. Cualquier persona que haga un contrato con el Gobierno para la venta de materiales no producidos en la Isla, tiene forzosamente que entregarlos y para hacer esto tiene que "introducirlos" en la isla y ésa fué la intención y contrato entre las partes. La introducción era un elemento necesario para el cumplimiento del contrato.

El párrafo 35 de la sección 16, supra dispone una variedad de situaciones o actos, *uno* de los cuales solamente puede estar

sujeto a contribución. Como dice el apelado, la contención del apelante justificaría una contribución separada *ad valorem* sobre la "venta," "consumo," "uso," o "introducción" del artículo. No fué ésta la intención de la legislatura.

Ya que el Tesorero había impuesto y cobrado una contribución sobre el *contrato,* y puesto que bajo el caso de *West India Oil Co.* v. *Domenech,* 49 D.P.R. 801, esta corte decidió que el cobro de dicho impuesto excluía la posibilidad de cobrar otro impuesto sobre la "venta" como una transacción separada, tenemos que llegar a la conclusión de que el razonamiento de dicho caso es aplicable al presente. Tanto porque la "introducción" formaba parte de la misma transacción como porque el impuesto sobre el contrato equivale a una contribución sobre la venta, que es una de las situaciones sujetas a contribución de acuerdo con la sección 16, párrafo 35, supra, *se confirma la sentencia de la corte inferior.*

Los Jueces Asociados Señores Travieso y De Jesús no intervinieron.