Francisco Pons, peticionario, *v.* Tribunal de Contribuciones de Puerto Rico, etc., demandado; Rafael A. Buscaglia, Tesorero de Puerto Rico, interventor.

Núm. 80.—*Sometido:* Abril 29, 1946. *Resuelto:* Julio 24, 1946.

*Manuel García Cabrera y Edgar S. Belaval,* abogados del peticionario; Hon. *Procurador General E. Campos del Toro (Luis Negrón Fernández,* Procurador General Interino, en el alegato) y *Carlos Santana Becerra, Procurador General Auxiliar,* abogados del Interventor, querellado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA emitió la opinión del tribunal.

El peticionario contrató con el Municipio de Ponce la ejecución de una obra, y pagó el arbitrio correspondiente sobre el precio convenido en el contrato. Importó distintas partidas de cemento desde el 1937 hasta el 1941, que utilizó en la obra, y no pagó el arbitrio que impone la ley sobre la venta, o introducción para uso o consumo, del cemento. Posteriormente, a requerimiento del Tesorero, pagó bajo protesta el arbitrio sobre el cemento, con recargos e intereses, y oportunamente radicó ante el Tribunal de Contribuciones demanda reclamando la devolución de la suma así pagada. El Tribunal resolvió que procedía el cobro de arbitrio sobre el cemento, fundándose en *Porto Rico Iron Works Inc.* v. *Buscaglia, Tes.,* 62 D.P.R. 868, pero que habiendo existido una práctica administrativa de no cobrar el arbitrio sobre materiales utilizados en la ejecución de obras contratadas con entidades gubernamentales, era improcedente la imposición de recargos e intereses excepto a partir de la fecha en que el Tesorero exigió el pago del arbitrio, según se resol-

vió en *Puerto Rico Ilustrado* v. *Buscaglia, Tes.*, 64 D.P.R. 914 y *West India Oil Co.* v. *Buscaglia, Tes.*, 61 D.P.R. 782.

El peticionario, a cuya solicitud expedimos auto de *certiorari* para revisar la resolución del Tribunal de Contribuciones, sostiene que el arbitrio sobre el cemento no es exigible porque (1) constituye una doble tributación ilegal (2) siendo dudosa la interpretación de la ley, la práctica administrativa de no cobrar el arbitrio debe ser definitiva al interpretar la ley.

■■ No hay nada ilegal en que un gobierno imponga dos arbitrios sobre un mismo acto tributable. Pero normalmente no es de presumirse que haya sido esa la intención legislativa. Interpretando nuestra Ley de Rentas Internas, hemos resuelto que no ha sido la intención legislativa imponer dos arbitrios sobre la venta de materiales a entidades gubernamentales, y que por lo tanto, una vez satisfecho el arbitrio sobre contratos de venta al gobierno, no es exigible el arbitrio que grava las ventas en general, o la introducción para venta. *Rossi* v. *Sancho Bonet, Tes.*, 53 D.P.R. 491; *Casal* v. *Sancho Bonet, Tesorero*, 53 D.P.R. 407; *West India Oil Co.* v. *Domenech, Tes.*, 49 D.P.R. 801. Pero también hemos resuelto que cuando el contrato con el gobierno no se limita a la venta de materiales, sino que abarca la ejecución de una obra y por lo tanto incluye en su importe tanto la mano de obra, y la remuneración al contratista por el valor de sus servicios al dirigirla y asumir sus riesgos, como el valor de los materiales, procede el cobro del arbitrio sobre el montante del contrato, y además el del arbitrio sobre la introducción de los materiales para venta, uso o consumo, por no recaer ambos arbitrios sobre el mismo acto tributable. *Porto Rico Iron Works Inc.* v. *Buscaglia*, supra.

■ Resulta, por lo tanto, que de acuerdo con la interpretación que ya hemos dado a la ley, y que a nuestro juicio es la interpretación correcta, el peticionario venía obligado a pagar el arbitrio sobre el cemento cuya devolución

ahora reclama. Pero el peticionario insiste, como insistió ante el Tribunal de Apelaciones, que habiendo el Tesorero interpretado formalmente el estatuto en el sentido de que no es exigible el arbitrio sobre la venta, o introducción para venta, uso o consumo, de materiales utilizados en la ejecución de obras para entidades gubernamentales, debe regir la interpretación así dada por el Tesorero.

La prueba del peticionario ante el Tribunal de Contribuciones estableció claramente la existencia de la práctica administrativa que invoca, y el Tribunal así lo reconoció. Consistió esa prueba en la declaración del peticionario, y en copia de la resolución Núm. 15 del Tesorero, que vino a exponer formalmente la práctica administrativa ya establecida. El abogado del Tesorero arguye que la resolución Núm. 15 sólo comprende casos de venta de materiales al gobierno. No es así. Expresamente comprende el caso de materiales utilizados en obras ejecutadas mediante contratos, al disponer:

"Las ventas a los Gobiernos Insular o Municipal y a contratistas que realicen obras mediante contratos con dichos gobiernos, sobre cuyo monto se hubiere pagado la contribución del 2% que dispone el inciso 5 'Otros Arbitrios', de la Ley de Rentas Internas, no están sujetas a ninguna otra contribución."

\*  \*  \*  \*  \*  \*  \*

" . . . . Cuando se trate de artículos adquiridos para una obra, el inspector a cargo de la misma deberá expedir el certificado correspondiente, haciendo constar que los materiales adquiridos fueron usados en la obra bajo contrato sobre cuyo monto se pagó la contribución de arbitrio correspondiente."

Pero la interpretación administrativa de un estatuto sólo tiene peso cuando el estatuto es ambiguo o dudoso. *United States* v. *Missouri Pacific Railroad Co.*, 278 U. S. 269, 73 L. Ed. 322. En el caso de autos no se sugiere que el estatuto sea ambiguo o dudoso. La interpretación administrativa surgió como resultado de nuestras decisiones en las casos de

*West India Oil Co.* v. *Domenech, Casal* v. *Sancho Bonet,* y *Rossi* v. *Sancho Bonet,* supra. Como se puede ver al examinar esos casos, la práctica administrativa era cobrar el arbitrio de venta y además el arbitrio sobre el montante de contratos con el gobierno, ya se tratara de contratos de venta, ya de contratos para ejecutar obras. Cambió la práctica como resultado de nuestras decisiones al efecto de que, satisfecho el arbitrio sobre un contrato de venta al gobierno, no era exigible el arbitrio general sobre ventas. Pero en vez de limitar el cambio a lo que habíamos resuelto, el Tesorero fué más lejos, y cambió su práctica en cuanto a materiales utilizados en la ejecución de obras para el gobierno. Ni el estatuto ni nuestras decisiones daban base para duda en cuanto a ese punto, y por lo tanto no puede dársele a la práctica administrativa el peso que sugiere el peticionario, pues ello equivaldría a enmendar la ley.

El peticionario se queja, finalmente, de que, en vez de ordenar la devolución de la totalidad de los recargos e intereses, el Tribunal de Contribuciones sólo ordenó la devolución de parte de los recargos e intereses, es decir, aquella parte que corresponde al período durante el cual rigió la práctica administrativa de no cobrar los arbitrios. Al así actuar el Tribunal, se ajustó a nuestras decisiones en *West India Oil Co.* v. *Buscaglia* y *Puerto Rico Ilustrado* v. *Buscaglia,* supra. Pero el peticionario arguye que, habiendo él reclamado en su querella la devolución de todos los recargos e intereses, y no habiendo el Tesorero alegado en su contestación que era improcedente la devolución de una parte, no tenía base el Tribunal de Contribuciones para decretar la devolución de sólo parte de los recargos e intereses. Pero el Tesorero al impugnar la devolución de todos los recargos e intereses, impugnaba también la devolución de cualquier parte. No erró por lo tanto el Tribunal de Contribuciones, cuando advirtió que sólo procedía la devolución de parte de los recargos e intereses, al disponer que el Tesorero compu-

tara de nuevo los recargos e intereses a partir de la fecha en que al peticionario se le requirió pagar los arbitrios.

El Tesorero ha radicado una moción exponiendo, que al expedirse el auto de certiorari en este caso, estaba pendiente ante el Tribunal de Contribuciones una solicitud radicada por el Tesorero solicitando la reconsideración de aquella parte de su sentencia que daba por probada la existencia de una práctica administrativa contraria al cobro del arbitrio sobre el cemento. Nos pide el Tesorero devolvamos el caso al Tribunal de Contribuciones para que resuelva la solicitud de reconsideración. Pero como ya hemos visto, la prueba del peticionario demostró plenamente la existencia de la práctica administrativa, y el Tesorero no presentó prueba en contrario. Carece por lo tanto de méritos la moción de reconsideración, por lo que se declara sin lugar la moción del Tesorero para devolver el caso nuevamente al Tribunal de Contribuciones.

*Por los fundamentos expuestos, debe confirmarse la decisión recurrida.*

El Juez Asociado Sr. De Jesús no intervino.