The Mayagüez Show Company, Demandante y Apelante, *v.*
El Municipio de Mayagüez, Demandado y Apelado.

### Apelación procedente de la Corte de Distrito de Mayagüez en procedimiento de *injunction.*

No. 2581.—Resuelto en abril 28, 1922.

Contribuciones—Legislatura de Puerto Rico—Facultades de la Legislatura.
—La Legislatura de Puerto Rico ha sido investida por el Congreso de los Es-
tados Unidos de todos los poderes compatibles con una forma republicana de
gobierno, con facultades como cualquier Estado o Territorio para imponer y
delegar en los municipios la facultad de imponer contribuciones, sin más li-
mitaciones que las que son corrientes y aquéllas expresamente determinadas en
la Ley Orgánica; y tal facultad no es un poder delegado sino incidental a
la soberanía o cuasi soberanía, como quedó establecido en el caso de *El Pueblo
v. Rosaly,* 227 U. S. 270.

Id.—Poder para Imponer Contribuciones.—El poder para imponer contribuciones
que reside en cualquier organismo subordinado, condado o municipio, debe
considerarse como un ejercicio de poder por el Estado soberano según se esta-
blece en el caso de *Gilman v. Sheboygan,* 67 U. S. 510.

Contribución Municipal sobre Entradas a Espectáculos Públicos.—Una con-
tribución impuesta por ordenanza municipal a todos los espectáculos públicos
donde se cobre la entrada, es una contribución legal que si es necesario puede
considerarse como previamente provista y definida por la Asamblea Legisla-
tiva, como exige la sección 3 del Acta Orgánica, la cual no requiere que todas
y cada una de las contribuciones que autoriza deban definirse expresa y es-
pecíficamente.

Arbitrio Municipal.—Un impuesto municipal sobre admisión o entrada a espec-
táculos públicos es un arbitrio y no una contribución directa sobre la pro-
piedad.

Contribuciones Uniformes.—Un arbitrio municipal que es uniforme en toda la
municipalidad cumple con la Ley Orgánica en cuanto exige uniformidad en
la imposición de tributos.

Contribuciones—Audiencia Previa a la Imposición de Arbitrios.—Cuando la
contribución ha sido impuesta por la Legislatura o por un municipio debida-
mente autorizado, no es requisito necesario para su validez la celebración
de una audiencia pública preliminar.

Los hechos están expresados en la opinión.
Abogado de la apelante: *Sr. J. Sabater.*

Abogado del apelado: *Sr. J. Alemañy Sosa.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

El Concejo Municipal de Mayagüez aprobó una ordenanza estableciendo un impuesto municipal a todos los espectáculos públicos donde se cobraba entrada. Este impuesto era proporcional al valor de cada billete. La ordenanza autorizaba al concejo de administración municipal a promulgar un reglamento estableciendo las reglas para el cobro de esta contribución y fué hecha tal reglamentación.

The Mayagüez Show Company, o sea la apelante, pagó esta contribución hasta el día 8 de agosto de 1921, se negó entonces a pagarla y requirió al municipio demandado para que anulara dicha ordenanza a lo que se negó dicho demandado. Entonces fué radicada una demanda de *injunction* para que fuera anulada dicha ordenanza.

Fué dictada sentencia contra la demandante que apeló.

La corte inferior al exponer los hechos y teorías de la demandante sostuvo que el poder de imponer contribuciones investido por el Congreso en la Legislatura no era una delegación de la autoridad legislativa en su verdadero sentido, sino una investidura de poder de soberanía; que la Legislatura había conferido el poder de imponer contribuciones a los municipios, no existiendo ninguna restricción en la sección 3 de la Ley Orgánica sino más bien una autorización; que la sección 49 de la Ley Municipal de 1919 delegó la facultad de imponer contribuciones a los municipios y por tanto el derecho a fijar una contribución a los espectáculos públicos; y sostuvo la corte, haciendo citas de autoridades, que no se infringió ningún principio de uniformidad y fué observado el debido proceso de ley.

El primer señalamiento de error que hace la apelante es que la corte cometió error al declarar que El Pueblo de Puerto Rico tenía los mismos poderes de soberanía que cualquier Estado de la Unión para imponer contribuciones. Hemos

resuelto más o menos directamente esta cuestión en el caso de *Sucesión de C. & J. Fantauzzi* v. *La Asamblea Municipal,* de abril 28, 1922, pág. 423. Convenimos con la corte inferior y la apelada en que el poder que tiene El Pueblo de Puerto Rico para imponer contribuciones no es en realidad un poder delegado sino incidental a su soberanía o cuasi soberanía como quedó establecido en el caso de *El Pueblo* v. *Rosaly,* 227 U. S. 270. Además, convenimos con la apelada en que a lo sumo este poder de imponer contribuciones que reside en cualquier organismo subordinado, condado o municipio, ha de considerarse como un ejercicio de poder por el Estado soberano como se establece en el caso de *Gilman* v. *Sheboygan,* 67 U. S. 510. En cuanto al poder del municipio para imponer una contribución de patente sin que tal arbitrio esté definido expresa y específicamente por la Legislatura, hemos discutido ampliamente esta cuestión en el caso de *Fantauzzi, supra.* Estas consideraciones son asimismo de aplicación al segundo señalamiento de error.

El tercer señalamiento de error en tanto no está tratado en las anteriores consideraciones ha sido resuelto por nuestra sentencia en el caso de *El Pueblo* v. *Garzot,* 24 D. P. R. 231. La cuestión en este caso es que el municipio podía cobrar una contribución de patente, pero en el caso citado se resuelve que el negocio de administrar o tener un teatro es diferente al caso de cobrar una contribución por espectáculos en particular. Que tal contribución al derecho de admisión es un arbitrio y no una contribución a la propiedad, también fué tratado en el caso de *Fantauzzi, supra.* Convenimos asimismo con la apelada en que este no es un impuesto doble en el sentido en que se prohibe una contribución doble. Cooley sobre Contribuciones, tomo 1, pág. 502. El municipio tenía amplia autoridad para imponer cualquier clase de contribución de acuerdo con el artículo 49 (*f*) de la Ley Municipal de 1919.

El punto más discutido en la vista de este caso fué el de la uniformidad de la contribución, alegando la apelante que la contribución debe ser uniforme en Puerto Rico. De un modo general consideramos esta cuestión en el caso de Fantauzzi, pero creemos que es obvio que un municipio podía regular la contribución que había de pagarse por teatros, o espectáculos públicos, sin que nadie se imagine que la contribución que ha de recaudarse en otro municipio tuviera que ser la misma.

Estamos de acuerdo con la apelada en que no hay variación de la uniformidad en tanto se fijaba una contribución proporcionalmente al valor de cada billete de entrada.

El cuarto señalamiento de error fué que no se había observado debido proceso de ley en la aprobación de esta ordenanza. La apelante sostiene que debió haberse oído a los contribuyentes y cita algunas autoridades. Pero estas autoridades se refieren a casos en que se han conferido poderes para fijar tarifas por alumbrado a una junta o comisión. En estos casos es necesaria una audiencia según también lo hemos resuelto. Sin embargo, cuando la contribución emana de la Legislatura o de un municipio debidamente autorizado, no hay necesidad de una audiencia preliminar y la apelante no nos ha citado ninguna autoridad en este sentido.

El quinto señalamiento de error era que el municipio no tenía autoridad para convertir a la propia demandante en colector de rentas. Esta forma de imponer una contribución es corriente en los Estados Unidos como parte del medio de cobrar una contribución de lujo durante la guerra y tal vez existe todavía; y no haciéndose citas de autoridades no discutiremos el punto con gran extensión.

También nos inclinamos a creer que tiene razón la apelada al sostener que el *injunction* no es el remedio adecuado para pretender anular una ordenanza. Discutimos esta cuestión en el caso de *Central Victoria* v. *Pérez, Comisionado*

*Municipal*, (pág. 447). No creímos necesario en ese caso resolverla definitivamente y lo mismo sucede en este.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.