SAN MIGUEL & CÍA., INC., demandante y apelante, *v.* ÁNGEL DIEZ DE ANDINO, como TESORERO DE LA CAPITAL, demandado y apelado.

Núm. 10039.—*Sometido:* Febrero 7, 1950. *Resuelto:* Mayo 4, 1950.

*Clemente Ruiz Nazario* y *F. L. San Miguel,* abogados de la apelante; *Arcilio Alvarado* y *Carlos J. Ortiz,* abogados del apelado; *James R. Beverley* e *Iván Reichard,* y *Martín Avilés Bracero,* como *amici curiae.*

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

El Gobierno de la Capital, a los efectos del cobro de la patente municipal, calculó en $1,962,581.06 el volumen de negocios de la apelante durante el año contributivo 1946–47. Sobre esa base el Tesorero de la Capital le exigió el pago de $4,159.50. Al calcular el volumen de negocios, el apelado incluyó la suma de $204,098 montante de las ventas de cemento hidráulico realizadas por la apelante en el indicado año económico. Pero como en conformidad con el párrafo 28 de la sección 16 de la Ley de Rentas Internas de Puerto Rico, según fué enmendado por la Ley 116 de 1943, la apelante debía pagar un impuesto de tres centavos por quintal de todo cemento hidráulico o sustituto de éste que se introduzca, *venda,* traspase, use o consuma en Puerto Rico, alegó que el Gobierno de la Capital carecía de facultades para imponer tributo al montante de las ventas de ese artículo. En consecuencia, pagó bajo protesta la cantidad de $4,159.50 alegando que deducido del volumen de sus negocios el montante de las ven-

tas de cemento hidráulico, el importe de la patente debía ser $664.97. Posteriormente, demandó en el tribunal inferior al Gobierno de la Capital reclamando la cantidad de $3,494.53 que alegó le había sido ilegalmente cobrada. A base de una moción para desestimar se dictó sentencia declarando sin lugar la demanda.

■■ La Ley de Rentas Internas de Puerto Rico (Ley núm. 85 de 1925, pág. 585) en su sección 99 dispone:

"A partir del día en que esta Ley sea aprobada, ningún distrito municipal ni otra división administrativa de Puerto Rico, podrá imponer o recaudar ningún impuesto ni arbitrio local sobre cualquier artículo sujeto a contribución bajo las disposiciones de esta Ley; *Disponiéndose,* que nada de lo prescrito en esta Ley se entenderá que derogue en todo ni en parte, la Ley No. 26 titulada, 'Para autorizar a los municipios de la Isla de Puerto Rico a imponer y cobrar, en concepto de patentes, una contribución anual para cubrir las atenciones de su presupuesto, y para otros fines, aprobada el 28 de marzo de 1914'; Y *disponiéndose, además,* que cuando la imposición de una patente esté en conflicto con una contribución impuesta de acuerdo con la Ley de Rentas Internas de Puerto Rico y ambas no puedan hacerse efectivas, se entenderá que la contribución impuesta por la Ley de Rentas Internas prevalecerá."

Fundándose en la sección 99 que acabamos de transcribir, este Tribunal reiteradamente ha decidido que una vez que un artículo ha quedado sujeto a contribución bajo la Ley de Rentas Internas, ningún municipio puede gravarlo con otro impuesto, ya sea bajo la forma de patente municipal o de cualquier otro arbitrio local. *Porto Rico Distilling Co.* v. *Seijo,* 42 D.P.R. 423 (1931); *Pueblo* v. *Irizarry,* 46 D.P.R. 898 (1934) y *Andréu, Aguilar & Co.* v. *Benítez, Admor.,* 56 D.P.R. 580 (1940).

En *Porto Rico Distilling Co.* v. *Seijo,* supra, el Municipio de Arecibo aprobó una ordenanza imponiendo un arbitrio municipal de medio centavo por cada litro de alcohol etílico que se produjera dentro del término municipal y dispuso la forma de su cobro. Al mismo tiempo, la sección 84 de la Ley de Rentas Internas de Puerto Rico según ha sido enmendada

cobraba una licencia de $150 por cada tres meses (primera clase) a todo destilador de alcohol o espíritu destilado para fines medicinales, industriales o científicos. Este Tribunal confirmó la sentencia de la corte inferior en la cual se había declarado nula la ordenanza municipal y se había dictado un *injunction* para impedir el cobro del arbitrio municipal. Nos fundamos en que el arbitrio municipal no podía subsistir, toda vez que la materia sobre la cual se impuso dicho arbitrio estaba sujeta a una licencia bajo la Ley de Rentas Internas.

En *Pueblo* v. *Irizarry*, supra, el acusado fué condenado al pago de una multa de $1 por haber infringido una ordenanza sobre patentes municipales de la ciudad de Mayagüez. La infracción consistía en tener un automóvil dedicado al servicio público o transporte de pasajeros mediante pago sin haberse provisto de la patente acreditativa de haber pagado el impuesto municipal. La patente municipal estaba autorizada por la sección 2 de la Ley núm. 26 de 28 de marzo de 1914, la cual especificaba los negocios o industrias sobre los cuales podía imponerse la patente autorizada por la Ley y entre ellos, los siguientes: "Grupo A—. . . . transporte de personas o carga mediante pago por automóviles. . . . . . ." Pero a la vez el acusado había pagado al Gobierno Insular, el arbitrio de acuerdo con el artículo 10 de la Ley núm. 75 para reglamentar el uso de vehículos de motor en Puerto Rico, aprobada el 13 de abril de 1916 (pág. 144), según fué enmendado por la Ley núm. 66 de mayo 4 de 1928 (pág. 493), que prescribe el pago de una licencia de $30 al año por cada automóvil que actuara de porteador público en uno o más municipios, con excepción de los que trabajaban en el Municipio de Vieques. Aplicando el artículo 46 de la Ley municipal general, este Tribunal revocó la sentencia fundándose en que no podía subsistir la patente municipal, toda vez que sobre la misma materia recaía el impuesto insular.

En *Andréu, Aguilar & Co.* v. *Benítez, Admor.*, supra, el Gobierno de la Capital trató de cobrar a la demandante una patente por dedicarse a la venta de automóviles y materiales

para éstos y a guardar y reparar automóviles. Pero como la demandante, en su carácter de traficante en vehículos de motor y en piezas, accesorios, llantas de goma y tubos interiores para vehículos de motor había pagado la contribución por licencia impuéstale por el artículo 84 de la Ley de Rentas Internas de Puerto Rico, tal como fué enmendado por la Ley núm. 17 de 3 de junio de 1927 (pág. 459) y por la Ley núm. 83 de 6 de mayo de 1931 (pág. 505), este Tribunal, basándose en la sección 99 de la Ley núm. 85 de 1925 (pág. 585) conocida por la Ley de Rentas Internas de Puerto Rico, declaró *ultra vires* la ordenanza municipal imponiendo la patente en cuestión, y citando, entre otros, los casos de *Porto Rico Distilling Co.*, supra, y *Pueblo* v. *Irizarry*, supra, confirmó la sentencia de la corte inferior que decretó el injunction para impedir el cobro de la patente municipal.

Habida cuenta de que el cemento hidráulico estaba gravado con un impuesto insular de tres centavos por cada quintal que de dicho artículo se venda en Puerto Rico, parece claro que al incluir el montante de las ventas de cemento hidráulico en el volumen de negocios de la apelante—de esa suerte aumentando *pro tanto* el arbitrio que por concepto de patente debería pagar la apelante—el apelado, de un modo indirecto, impuso un arbitrio al cemento hidráulico ya gravado por la Ley de Rentas Internas con una contribución de tres centavos por cada quintal que se *venda*, introduzca, use o traspase en Puerto Rico.

La corte inferior admite que la intención legislativa expresada en la sección 99 de la Ley de Rentas Internas es evitar que los municipios impongan tributos sobre un artículo gravado con una contribución insular. Pero sostiene que si bien esa restricción ha sido impuesta a los municipios, el Gobierno de la Capital no está sujeto a ella. Buscando apoyo a su tesis compara la letra de los artículos 26 y 46 de la Ley Municipal general, la núm. 53 de 1928 (pág. 335), con la de los artículos 18 y 40 de la núm. 99 de 1931 (pág. 627) que estableció un gobierno especial para la Capital

de Puerto Rico. En efecto el artículo 26 de la Ley Municipal general, según fué enmendado por la Ley núm. 98 de 15 de mayo de 1931 (pág. 595) y el artículo 46 de la misma Ley, dicen:

"Artículo 26.—Entre las atribuciones de la Asamblea Municipal, estarán especialmente las siguientes con sujeción a las demás disposiciones de esta Ley:

".     .     .     .     .     .     .     .

"4. La imposición de contribuciones y arbitrios razonables dentro de los límites jurisdiccionales del municipio; *Disponiéndose,* que las ordenanzas imponiendo tales contribuciones y arbitrios deberán ser adoptadas, por el voto de las dos terceras partes de los miembros de que se componga la asamblea municipal . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

"Artículo 46.—Los ingresos municipales consistirán:

".     .     .     .     .     .     .     .

"(*d*) En la contribución por concepto de patentes establecida por la Ley No. 26 de 28 de marzo de 1914, titulada 'Ley para autorizar a los municipios de la Isla de Puerto Rico a imponer y cobrar en concepto de patentes una contribución anual para cubrir las atenciones de su presupuesto, y para otros fines', la cual continuará en vigor.

".     .     .     .     .     .     .     .

"(*f*) En cualquier otro impuesto, arbitrio o contribución que se decretare por la Asamblea Municipal en la forma dispuesta en el artículo 25, inciso 4, de esta Ley, siempre que el objeto o materia de la contribución, arbitrio o impuesto, no haya sido objeto de algún impuesto, arbitrio o contribución federal o insular."

Y los artículos 18 y 40 de la Ley que establece el Gobierno de la Capital prescriben:

"Artículo 18.—Entre las facultades legislativas de la Junta de Comisionados, estarán especialmente las siguientes, sujetas a las demás disposiciones de esta Ley:

".     .     .     .     .     .     .     .

"4. La imposición de contribuciones y arbitrios razonables dentro de los límites jurisdiccionales de la capital; *Disponiéndose,* que, a los efectos de la aplicación de la Ley de Patentes de Industrias y de Comercio decretada por la Asamblea Legislativa de Puerto Rico el 28 de marzo de 1914, la Junta de Comisionados

queda por la presente autorizada para incluir mediante orde-nanza o resolución cualesquiera establecimientos o agencias de industria y comercio que no se hubieren enumerado en la expresada ley;"

"Artículo 40.—Los ingresos de la capital serán los siguientes:

".

"(e) contribución por concepto de patentes comerciales e industriales, según la Ley No. 26 de la Asamblea Legislativa de Puerto Rico aprobada el 28 de marzo de 1914, y sobre los demás establecimientos comerciales e industriales que proveyere la Junta de Comisionados según se expresa en el artículo 18 de esta Ley;

".

"(h) el producto de los arbitrios e impuestos que aprobare la Junta de Comisionados, entre los cuales figurarán los siguientes:

".

"(10) En cualquier otro arbitrio o impuesto razonable que decretare la Junta de Comisionados."

Se notará cierta diferencia entre el artículo 26 de una Ley y el 18 de la otra, pero esa diferencia ninguna luz arroja sobre la intención de conceder al Gobierno de la Capital la facultad de imponer un arbitrio sobre un artículo afecto a una contribución impuesta bajo la Ley de Rentas Internas. Es más notable la diferencia entre el artículo 46 (f) de la Ley Municipal general y el 40 (h) (10) de la Ley núm. 99 de 1931. El primero de estos artículos expresamente consigna la prohibición contenida en el artículo 99 de la Ley de Rentas Internas; en el segundo, el 40 (h) (10), no se consigna tal restricción y sólo exige que el arbitrio o impuesto que decrete la Junta de Comisionados sea razonable. Empero, la restricción de la sección 99 dirigida a todo distrito municipal *o cualquiera otra división administrativa,* no ha sido expresamente derogada o modificada y sabido es que las derogaciones tácitas no son favorecidas por la ley. Esa omisión en el artículo 40 (h) (10) ¿significa acaso que se haya concedido al Gobierno de la Capital una facultad que se ha prohibido a los demás municipios? Es incuestionable que la intención

legislativa manifestada en la sección 99 de la Ley de Rentas Internas al impedir que los municipios *u otra división administrativa de Puerto Rico* impongan arbitrios sobre artículos gravados con un impuesto por la Ley de Rentas Internas, es evitar la doble contribución en el sentido económico que se define en el caso de· *Sucn. Giusti* v. *Tribl. Contribuciones*, 70 D.P.R. 117.(¹)    Nadie duda que la doble contribución por sí sola sea constitucional, pues como dijera el Juez Holmes en *Ft. Smith Lumber Co.* v. *Arkansas*, 251 U.S. 532 (1920), la doble contribución equivale a aumentar el importe de la contribución.    Véanse, al mismo efecto, *Illinois Cent. R. Co.* v. *Minnesota*, 309 U.S. 157 (1940) ; *Tennessee* v. *Whitworth*, 117 U.S. 129 (1886) ; *Successors of Fantauzzi* v. *Municipal Assembly*, 295 Fed. 803 (C.C.A. 1, 1924) ; *Pons* v. *Tribunal de Contribuciones*, 66 D.P.R. 520; *Andréu, Aguilar & Co.* v. *Benítez, Admor.*, supra, pág. 583; *Sucn. Giusti* v. *Tribl. Contribuciones*, supra, y *Ballester Ripoll* v. *Descartes, Treas., et al.*, 181 F.2d 823.    Y como se dijo en *Tennessee* v. *Whitworth*, supra:

"La doble contribución nunca debe presumirse.    La justicia exige que las cargas del gobierno, hasta donde sea practicable, recaigan sobre todos por igual, y gravada una vez en una forma la propiedad, no puede imponérsele otra contribución en otra forma, cuando la carga de ambas contribuciones recaiga en la misma persona.    Algunas veces las leyes de contribuciones tienen ese efecto; pero si lo tienen *es porque la legislatura lo ha ordenado así inequívocamente.    Todas las presunciones son en contra de la doble contribución.*"    (Bastardillas nuestras.)

En el presente caso, la Legislatura no ha expresado de manera inequívoca su intención de conferir esa facultad al

---

(¹) En *Sucn. Giusti* v. *Tribl. Contribuciones*, 70 D.P.R. 117, 123, se dijo por este Tribunal:

"Los casos antiguos usaron el concepto de 'doble contribución' en una tercera acepción.    Aun cuando (1)· no existía prohibición constitucional contra doble contribución y (2) no había doble contribución en el sentido estrictamente legal, dichos casos designaron como 'contribución doble' aquellas contribuciones *que en virtud de su impacto económico eran dobles en el sentido amplio de la palabra.*    Dichos casos no dijeron que tales contribuciones no podían imponerse válidamente.    Pero sí exigían que la intención de imponerlas fuera clara y explícita."    (Bastardillas nuestras.)

Gobierno de la Capital. A lo sumo guardó silencio con respecto a la restricción, y como arguyen los abogados de la apelante, la omisión puede explicarse por el hecho de que la restricción existe con toda claridad en la sección 99 de la Ley de Rentas Internas. Mas, sea como fuere, la Legislatura, repetimos, no ha usado un lenguaje inequívoco del cual surja ese poder a favor del Gobierno de la Capital.

██ Tratando de obviar el impedimento de la doble contribución, la corte inferior, al final de su opinión, arguye así:

"En el caso que estamos resolviendo se impone un arbitrio *insular* de tres centavos por quintal sobre todo cemento hidráulico que se venda, traspase, use, consuma o introduzca en Puerto Rico y un arbitrio *municipal* (la patente) por dedicarse la demandante al ejercicio del comercio dentro de los límites territoriales de la capital, el cual arbitrio se impone a base del volumen de negocios de la contribuyente, entendiéndose por dicha frase los ingresos brutos que tenga el negocio o industria, sin tenerse en cuenta sus ganancias o beneficios, lo cual se determina por el importe de las rentas (*sic*), tratándose de tiendas, casas de comercio y otras industrias. *Mayagüez Lt. & I. Co.* v. *Green,* 36 D.P.R. 327. De suerte que, admitiendo que ambas contribuciones son de la misma naturaleza (arbitrios) y asumiendo que recaen sobre una misma cosa, resolvemos que no existe doble tributación en el sentido prohibido porque una es impuesta por el gobierno insular y la otra por el gobierno municipal; una grava la introducción para la venta, uso, consumo, etc., de cemento hidráulico en toda la isla de Puerto Rico, mientras que la otra se impone por el privilegio de dedicarse a un negocio dentro de los límites territoriales de la Capital aun cuando indirectamente se grave la venta de cemento hidráulico, pues dichos aribitrios no recaen sobre el mismo acto tributable. Asumiendo asimismo que la imposición de la patente está en conflicto con el referido arbitrio (*Pueblo* v. *Irizarry, supra*), nada impide que ambas puedan hacerse, como se han hecho, efectivas en este caso como cuestión de hecho."

Se pierde de vista en ese razonamiento que, siendo los municipios, lo mismo que el Gobierno de la Capital, meras criaturas de la Legislatura de Puerto Rico, el poder que se

les ha concedido para imponer arbitrios emana del Gobierno de Puerto Rico. Consecuentemente, las contribuciones que en el ejercicio de ese poder imponen, no proceden de un gobierno distinto, sino de una de las divisiones administrativas del Gobierno Insular. *Gilman* v. *City of Sheboygan*, 67 U.S. 510 (1862) ; *Mayagüez Show Co.* v. *Mun. Mayagüez*, 30 D.P.R. 451; *Gunter* v. *City of Jackson*, 94 So. 842 (Miss., 1923). Véase, además, *Pueblo ex rel. Castro* v. *Padrón Rivera*, 60 D.P.R. 798. Como hemos visto, también es insostenible que el arbitrio impuesto por el Gobierno de la Capital al cemento hidráulico al sumar las ventas de dicho artículo al volumen de negocios de la apelante, considerada la sección 99 de la Ley de Rentas Internas, sea distinto del impuesto al mismo artículo por la citada Ley.

█ Finalmente, la corte inferior trata de sostener su conclusión fundándose en el último "Disponiéndose" de la sección 99 de la Ley de Rentas Internas de Puerto Rico, que dice así:

"Y *disponiéndose, además,* que cuando la imposición de una patente esté en conflicto con una contribución impuesta de acuerdo con la Ley de Rentas Internas de Puerto Rico y ambas no puedan hacerse efectivas, se entenderá que la contribución impuesta por la Ley de Rentas Internas prevalecerá."

Sostiene que en el presente caso la contribución insular y la patente municipal pudieron hacerse efectivas, puesto que la apelante pagó, aunque bajo protesta, la patente municipal; y argumentando *a contrario sensu* concluye que como la patente municipal se pudo hacer efectiva, es válida aunque estuviera en conflicto con la Ley de Rentas Internas. No puede ser ése el significado de dicho "Disponiéndose", pues la legalidad de una contribución no depende de la situación económica del contribuyente. Ya en *Pueblo* v. *Irizarry*, supra, este Tribunal, interpretando ese mismo "Disponiéndose", dijo así:

"La intención de la Legislatura se trasluce a través de estas disposiciones. Cuando se habla de conflicto entre una patente y una contribución, y se asume la posibilidad de un caso en que

ambas no puedan hacerse efectivas, es claro que se parte de la base de la validez de la patente municipal, *de no estar en pugna con. la contribución insular, y por lo tanto, la Legislatura ha tenido que tener en mente la doble contribución, porque no de otro modo podría surgir un conflicto entre ambas contribuciones que impidiese que las dos se hiciesen efectivas.*" (Bastardillas nuestras.)

Por esa razón, en *Andréu, Aguilar & Co.*, supra, a pesar de que no se demostró que la demandante carecía de medios para pagar la patente municipal, se declaró con lugar la demanda simplemente porque la patente municipal disponía el pago de contribuciones similares sobre el mismo negocio gravado por la Ley de Rentas Internas de Puerto Rico. Así, pues, la frase "y ambas no pueden hacerse efectivas" usada en el "Disponiéndose" antes citado, se refiere a la imposibilidad legal de coexistir un impuesto bajo la Ley de Rentas Internas y un arbitrio o patente municipal cuyo impacto económico recaiga sobre el mismo artículo.

*Procede revocar la sentencia, declarar sin lugar la moción del Gobierno de la Capital para desestimar la demanda y devolver el caso para ulteriores procedimientos consistentes con los principios enunciados en esta opinión.*