# 96 DTA 102

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE PONCE Y AIBONITO
PANEL I**

RODRIGUEZ & DEL VALLE, INC.
Apelante

v.

MUNICIPIO DE PONCE
Apelado

Núm. KLAN-95-01004

San Juan, Puerto Rico, a 18 de abril de 1996

Panel integrado por su presidente, Juez Sánchez Martínez
y los Jueces Córdova Arone y Segarra Olivero

Córdova Arone, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Rodríguez & Del Valle, Inc. (en adelante *"la apelante"*) recurre ante nos apelando una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (Hon. Julio Alvarado Ginorio, J.), de 26 de julio de 1995. Mediante la sentencia apelada el tribunal *a quo* desestimó una demanda incoada por la apelante solicitando del Municipio de Ponce (en adelante *"el apelado"*) la devolución de $139,244.00 que, según alegaba, le había pagado indebidamente por concepto de arbitrios de construcción. Por los fundamentos que se detallan a continuación se revoca la referida sentencia.

### I

El 31 de enero de 1991, Rodríguez & Del Valle, Inc., como contratista, y la Autoridad de Edificios Públicos de Puerto Rico, como dueña, otorgaron un contrato para la construcción del proyecto conocido como *"Southern Regional Institution, Phase IV-B"* en el Municipio de Ponce.

Mediante carta fechada el 8 de abril de 1991, suscrita por el Sr. Ricardo Pagán León, Asistente Administrativo, el Municipio de Ponce le exigió a la apelante el pago de la suma de $139,224.00 por concepto de arbitrios de construcción. ■ El Municipio basaba su exigencia en la Ordenanza Núm. 71, Serie 1989-90, aprobada el 11 de junio de 1990.

Si la apelante no efectuaba el pago de los arbitrios que se le exigían, no podía obtener el correspondiente permiso de construcción y, por ende, no podía comenzar la obra. Ante esta situación, el 28 de mayo de 1991, el apelante efectuó el pago correspondiente. El pago no fue hecho bajo protesta alguna.

Mediante carta fechada el 28 de marzo de 1994, el presidente de Rodríguez & Del Valle, Inc., Sr. Francisco T. del Valle, requirió del Municipio de Ponce la devolución de los arbitrios pagados con respecto al contrato de construcción antes mencionado. Basaba su petición en lo resuelto por el Tribunal Supremo de Puerto Rico en el caso *Las Piedras Construction Corp. v. Municipio de Dorado,* 136 D.P.R. ___(1994), **94 J.T.S. 3.** ■ Alegadamente no se recibió contestación a esta carta.

Posteriornente, el 5 de mayo de 1994, la representación legal de la apelante, Lcdo. Hermenegildo Colón Vázquez, dirigió una carta al Municipio de Ponce solicitándole la devolución señalada. Se concedió el término de quince (15) días a los fines de recibir respuesta o, de lo contrario, se entablaría un procedimiento judicial con el fin de recobrar el dinero pagado indebidamente. Tampoco se recibió respuesta a esta carta.

Ante la supuesta inacción del Municipio de Ponce, el 24 de agosto de 1994, la apelante presentó una demanda ante el entonces Tribunal Superior de Puerto Rico, Sala de Ponce, solicitando la devolución del dinero pagado indebidamente.

El 18 de octubre de 1994, el Municipio de Ponce presentó una solicitud de desestimación en la cual alegaba, en síntesis, que la causa de acción que pretendía ejercitar la parte apelante había caducado por lo que estaba impedida, bajo cualquier supuesto de hechos o de derecho, de reclamar devolución alguna de parte del primero. Alegaba, además, que la parte demandante no podía ir contra sus propios actos al haber pagado voluntariamente los arbitrios en controversia.

La apelante se opuso a dicha solicitud el 11 de enero de 1995.

El 27 de enero de 1995, el Municipio de Ponce presentó una réplica a la oposición de la apelante y

el 24 de marzo de 1995, la apelante presentó la correspondiente dúplica.

Finalmente, el 26 de julio de 1995, el Tribunal de Primera Instancia dictó sentencia en el caso de epígrafe desestimando la demanda presentada y condenando a la parte apelante al pago de las costas. Se impuso a la apelante el pago de $800.00 por concepto de honorarios de abogado. Es de esta sentencia que se apela ante nos.

En su escrito el apelante señala que el Tribunal de Primera Instancia cometió tres errores, a saber:

*"Primer error: Erró el Honorable Tribunal de Primera Instancia al desestimar la causa de acción a que se refiere este caso basado en que la misma no es ejercitable por haber caducado.*

*Segundo error: Erró el Honorable Tribunal de Primera Instancia al resolver que la causa de acción a que se refiere este caso es una acción bajo el Artículo 1795 del Código Civil de Puerto Rico (31 L.P.R.A. sec. 5121), sobre recobro de lo pagado indebidamente.*

*Tercer error: Erró el Honorable Tribunal de Primera Instancia al imponerle al apelante el pago de $800.00 por concepto de honorarios de abogado."*

Como podemos observar, en el caso de autos nos corresponde determinar si existió un esquema de doble tributación prohibido por ley ■ y, de existir, cuál es el remedio disponible para aquella parte que ha pagado indebidamente.

## II

La Constitución del Estado Libre Asociado de Puerto Rico confiere a la Asamblea Legislativa el poder de imponer y cobrar contribuciones, pero permite que esta facultad pueda ser delegada a los municipios mediante legislación a tales efectos. A esos efectos nos dice el Art. VI Sec. 2 de nuestra Constitución:

*"El poder del Estado Libre Asociado de Puerto Rico para imponer y cobrar contribuciones y autorizar su imposición y cobro por los municipios, se ejercerá según se disponga por la Asamblea Legislativa, y nunca será rendido o suspendido..."*

A tenor con este principio constitucional, el 30 de agosto de 1991, nuestra Legislatura aprobó la Ley Núm. 81 conocida como *"Ley de Municipios Autónomos"*, 21 L.P.R.A. secs. 4001 *et seq*. En cuanto a lo pertinente al caso de autos, esta ley establece en su Art. 2.002 lo siguiente:

*"Además de las que se dispongan en otras leyes, el municipio podrá imponer y cobrar contribuciones o tributos por los conceptos y en la forma que a continuación se establece:*

*"(d) Imponer y cobrar contribuciones, derechos, licencias, arbitrios y otros arbitrios e impuestos, tasas y tarifas razonables dentro de los límites territoriales del municipio, compatibles con las leyes del Estado Libre Asociado de Puerto Rico, incluyendo, sin que se entienda como una limitación, por el establecimiento en vías públicas municipales, por la apertura de establecimientos comerciales, industriales y de servicios, por la construcción de obras y el derribo de edificios, por la ocupación de vías públicas municipales y por el recogido y disposición de desperdicios."*

Con el fin de definir los poderes de la Asamblea Municipal en relación con la imposición de arbitrios la Ley de Municipios Autónomos establece en su Art. 5.005:

*"La asamblea ejercerá el poder legislativo en el municipio y tendrá las facultades y deberes sobre los asuntos locales que se le confieren en este subtítulo, así como aquellas incidentales y necesarias a las mismas, entre ellas las de:*

.........

*(e) Autorizar la imposición de contribuciones sobre la propiedad, tasas especiales, arbitrios, tarifas, derechos o impuestos dentro de los límites jurisdiccionales del municipio sobre materias no*

*incompatibles con la tributación del Estado con sujeción a la ley."*

Es forzoso concluir que la ley faculta, en este caso al Municipio de Ponce, a imponer contribuciones, derechos, arbitrios e impuestos por obras de construcción realizadas dentro de la jurisdicción del municipio en cuestión. Esta facultad está protegida por nuestra Constitución.

Con anterioridad a la Ley de Municipios Autónomos existía en Puerto Rico la Ley Núm. 146 de 18 de junio de 1989, conocida como *"Ley Orgánica de los Municipios"*, 21 L.P.R.A. ant. secs. 2001 *et. seq.* Haciendo uso de los poderes conferidos por esta ley, el 11 de junio de 1990, la Asamblea Municipal de Ponce aprobó la Ordenanza Núm. 71 de la Serie 1989-90 ■ a los fines de *"fijar y/o establecer los derechos en la erección, construcción, remoción, ampliación, alteración, movimiento, reparación, demolición, conservación, determinar el uso de los edificios y estructuras en la ciudad de Ponce, Puerto Rico; fijar penalidades por las infracciones a esta ordenanza; derogar las ordenanzas; derogar las ordenanzas número 8, serie de 1965-66 y la número 34, serie de 1966-67; y para otros fines"*. Esta ordenanza fue firmada por el Alcalde de Ponce, Hon. Rafael Cordero Santiago, el 13 de junio de 1990. Fue a base de esta ordenanza que el Municipio de Ponce cobró los arbitrios en controversia.

La apelante de epígrafe alega que hubo doble tributación puesto que previo a los arbitrios pagados a raíz de la ordenanza municipal antes mencionada, había pagado las correspondientes patentes municipales para la misma obra. A tales efectos el Tribunal Supremo de Puerto Rico estableció en *Las Piedras Construction Corp. v. Municipio de Dorado,* 136 D.P.R. ___ (1994), **94 J.T.S. 3:**

*"En Puerto Rico no existe prohibición constitucional a la doble tributación; sin embargo, la intención legislativa imponiéndola debe ser clara y explícita, ya que nunca se presume. Asoc. de Hoteles y de Turismo de Puerto Rico y E.L.A., res. el 26 de octubre de 1992 (92 J.T.S. 138); San Miguel & Cía. v. Diez de Andino, 71 D.P.R. 344, 351-353 (1950)..."*

En este caso se enumeran los criterios a considerar para determinar si existe un esquema de doble tributación, a saber: (1) si se trata de una misma propiedad; (2) una misma entidad gubernamental; (3) un mismo período contributivo; y, (4) para mismo fin.

Los hechos del caso Las Piedras, *supra*, son similares a los del caso de autos. Allí en el año 1989 el Municipio de Dorado, amparándose en una ordenanza municipal, le requirió a Las Piedras Construction el pago de un arbitrio sobre el total de una obra de construcción en el Expreso de Diego dentro de la jurisdicción de dicho municipio. Las Piedras instó acción de sentencia declaratoria a su favor alegando doble tributación: el pago del arbitrio de construcción más el pago de la patente municipal. El entonces Tribunal Superior de Puerto Rico, Sala de Bayamón, resolvió a favor del municipio a base de su poder de tributación y al rechazar la contención de doble tributación, el Tribunal Supremo revocó al tribunal sentenciador mediante una opinión Per Curiam donde resolvió que el arbitrio impuesto era ilegal por no existir, al momento de ser requerido, disposición en la Ley de Patentes Municipales que clara y explícitamente permitiera a los municipios establecer un esquema de doble tributación.

Por otro lado, en *Nogama Construction Corp. v. Municipio de Aibonito,* 137 D.P.R. ___ (1994), **94 J.T.S. 73,** el Tribunal Supremo de Puerto Rico se enfrentó a una controversia similar. El Municipio de Aibonito pretendía cobrar de Nogama cierta cantidad por concepto de arbitrios de construcción. Luego de varios incidentes con el Municipio, Nogama decidió acudir ante el tribunal en solicitud de una sentencia declaratoria alegando que al haber pagado patentes por la misma actividad se trataba de una doble tributación. El Municipio de Aibonito presentó una moción de desestimación la cual fue acogida por el tribunal *a quo*. El Tribunal Supremo de Puerto Rico revocó al tribunal sentenciador sosteniendo, entre otras cosas, lo resuelto en el caso Las Piedras Construction, *supra*, a los fines de que el arbitrio impuesto era ilegal y, por consiguiente, el municipio estaba impedido de cobrarlo.

Es preciso aclarar que no es hasta el 17 de noviembre de 1992, que en Puerto Rico se legisla a los fines de permitir a los municipios el esquema de doble tributación que había sido declarado inconstitucional por el Tribunal Supremo en los casos Las Piedras Construction y Nogama, *supra*. Ley Núm. 113 de 10 de julio de 1974, conocida como *"Ley de Patentes Municipales",* enmendada por la

Ley Núm. 93 de 17 de noviembre de 1992, 21 L.P.R.A. secs. 651 *et seq.* El Art. 2 de esta ley, según fue enmendado establece, en parte, lo siguiente:

*"La facultad que por esta ley se confiere a los municipios para imponer patentes sobre el volumen de negocios realizado por persona o entidades dentro de sus límites territoriales en forma alguna se interpretará que priva o limita las facultades de los municipios para imponer contribuciones, arbitrios, impuestos, licencias, derechos, tasas y tarifas sobre cualesquiera otros renglones, no incompatibles con la tributación impuesta por el Estado, cuando los objetos y actividades sujetos a tributación se lleven a cabo dentro de los límites territoriales del municipio. La tributación de un objeto o actividad se considerará un acto separado y distinto no incluido o inherente al tributo que se impone sobre el volumen de negocio que sirve de base para imponer las patentes."*

Conviene recordar que los dos casos que hemos reseñado tratan de impuestos previos a la aprobación de la mencionada Ley Núm. 93. Antes de la aprobación de esta ley no existía disposición legal alguna que permitiera el esquema de doble tributación a los municipios. Esa es la situación del caso de autos.

De acuerdo con lo anterior, no cabe la menor duda de que el impuesto que se cobró en el caso de autos fue cobrado ilegalmente por haber sido cobrado en adición a las correspondientes patentes municipales, antes de la aprobación de la Ley Núm. 93 que permite el esquema de doble tributación.

Tanto en la sentencia del Tribunal de Primera Instancia como en el alegato de la parte apelada en el caso ante nos, se pretende distinguir los hechos del presente recurso de lo resuelto en Las Piedras Construction y Nogama, *supra*, argumentándose que en éstos las compañías constructoras no habían pagado los arbitrios al momento de hacer la reclamación y en el caso de autos la compañía constructora los pagó voluntariamente. Consideramos innecesaria tal diferenciación toda vez que no hay disposición alguna que disponga que la reclamación deba hacerse antes de pagar los arbitrios o que dicho pago deba hacerse bajo algún tipo de protesta.

Por otro lado, el Tribunal de Primera Instancia establece en su sentencia que en el pronunciamiento del Tribunal Supremo en los dos casos que hemos mencionado *"se ciñó al caso concreto que se adjudicó"* en cada uno de ellos, insinuando que lo allí resuelto no debía ser aplicado a todos los municipios que tuvieran ordenanzas similares. Estamos de acuerdo con el tribunal *a quo* sólo a los efectos de que lo resuelto por el Supremo no aplica automáticamente a todas las ordenanzas municipales que imponen arbitrios de construcción. Cada caso debe ser evaluado a la luz de la totalidad de las circunstancias que lo rodean.

Una ordenanza que impone arbitrios de construcción antes de la aprobación de la Ley Núm. 93 no es ilegal per se. La ilegalidad estriba en imponer dichos arbitrios en adición de las patentes sobre un mismo evento económico debido a que hasta la aprobación de esta ley no había autorización expresa de parte de la Asamblea Legislativa a los fines de permitir la doble tributación. Por ello, aunque los casos que hemos citado no pueden ser aplicados automáticamente, sí crean la norma que debía prevalecer en Puerto Rico en ausencia del mandato legislativo. Es por ello que, sin duda, de haber un esquema de doble tributación no autorizado por ley, el mismo sería ilegal en todos los casos.

En resumen, de acuerdo con los fundamentos que hemos expresado, los arbitrios cobrados en este caso a la apelante constituyen un esquema de doble tributación no permitido por ley. Nos corresponde entonces determninar qué remedio, si alguno, tiene la apelante para reclamar la devolución de los mismos.

### III

En el caso de patentes municipales, la original, ya derogada, Ley de Patentes Municipales de 1914, Ley Núm. 26 del 253 de marzo de 1914, proveía un procedimiento para impugnar el cobro de las patentes pagadas en exceso o indebidamente. Bajo esta ley, el contribuyente, antes de llevar una acción judicial para reclamar el reintegro de las patentes pagadas indebidamente o en exceso tenía que formular, primero, una protesta ante el consejo municipal y de recibir una determinación adversa, pagar bajo protesta y luego acudir ante el tribunal competente para obtener la correspondiente devolución.

En el año 1971, la Asamblea Legislativa de Puerto Rico aprobó la Ley Núm. 27 del 2 de junio de 1971, la cual derogó la anterior Ley de Patentes Municipales de 1914. Mediante esta nueva ley se eliminó el procedimiento de pago bajo protesta y demanda de reintegro. La nueva ley adoptó el procedimiento que para tales fines establece la Ley de Contribuciones de 1954 en su sección 322, 13 L.P.R.A. sec. 3322. Como podemos observar este proceso no tiene otro propósito que dar uniformidad a los procedimientos tanto en la esfera estatal como en la municipal.

Posteriormente, el 10 de julio de 1974, la Asamblea Legislativa de Puerto Rico aprobó la Ley Núm. 113 conocida como *"Ley de Patentes Municipales de 1974",* 21 L.P.R.A. secs. 651 *et seq.* A pesar de que esta ley derogó la anterior Ley de Patentes Municipales de Puerto Rico, el procedimiento aplicable a las reclamaciones de créditos y reintegros se mantuvo inalterado. En cuanto al período de prescripción para presentar la reclamación ante el funcionario municipal el Art. 24 de esta ley, 2 L.P.R.A. sec. 652f, establece lo siguiente: ■

*"(1) Período de prescripción.- A menos que una reclamación de crédito o reintegro sea radicada por la persona dentro de cuatro (4) años desde la fecha en que la declaración fue rendida por la persona o dentro de tres (3) años desde la fecha en que la patente fue pagada, no se concederá o dará crédito o reintegro alguno después del vencimiento de aquel de dichos períodos que expire más tarde. Si la persona no hubiere rendido declaración, entonces no se concederá o hará crédito o reintegro alguno después de tres (3) años desde la fecha en que la patente fue pagada, a menos que antes del vencimiento de dicho período la persona radicare una reclamación por dicho crédito o reintegro."*

Por su parte el Art. 25 de la Ley Núm. 93 de 17 de noviembre de 1992, que enmendó sustancialmente la Ley de Patentes Municipales de 1974, dispone el procedimiento a seguir en aquellos casos en que no se logre obtener la devolución de parte del municipio. A estos efectos el inciso (a) de la mencionada sección establece:

*"(a) Regla general.- Si una reclamación de crédito o reintegro radicada por una persona fuere denegada en todo o en parte por el Director de Finanzas, éste deberá notificar de ello a la persona por correo certificado, y la persona podrá recurrir contra dicha denegatoria ante el Tribunal Superior, radicando demanda en la forma provista por ley dentro de los treinta (30) días siguientes a la fecha del depósito en el correo de dicha notificación. La no radicación de la demanda dentro del término aquí provisto privará al Tribunal Superior de facultad para conocer del asunto."*

Ahora bien, en el caso de autos se trata de arbitrios impuestos a tenor con una ordenanza municipal y no de patentes municipales. La Ordenanza Núm. 71 nada establece sobre el particular.

Ante esta situación es necesario suplir la deficiencia de la que adolece la referida ordenanza. Sobre este particular, nuestro Tribunal Supremo ha sostenido que cuando un estatuto guarda silencio sobre un aspecto en particular, en este caso el término prescriptivo, se debe aplicar el más análogo. *Lozada Torres v. Collazo,* 111 D.P.R. 702 (1981); *Olmo v. Young & Rubicam of Puerto Rico, Inc.,* 110 D.P.R. 740 (1981).

Si tratamos de localizar en nuestro sistema de derecho el término prescriptivo más análogo a la acción para recobrar arbitrios municipales, no queda la menor duda que el término aplicable es aquel dispuesto en la Ley de Patentes Municipales que hemos reseñado. Resolvemos, por consiguiente, que en el caso de autos, el apelante tenía cuatro (4) años desde la fecha de la radicación de la declaración del arbitrio de construcción o tres (3) años desde la fecha en que pagó el arbitrio, el que fuera posterior, para radicar una reclamación de crédito o reintegro ante el Municipio de Ponce.

En su sentencia el Tribunal de Primera Instancia sostuvo que *"[e]n el caso de marras nunca se comenzó un procedimiento administrativo que requiriera de otra notificación final más allá del recibo expedido".* No estamos de acuerdo con tal conclusión.

Según consta en los autos ante nos, el 28 de marzo de 1994, la apelante presentó mediante carta una reclamación de devolución o reintegro de los arbitrios de construcción pagados ilegal o indebidamente. Por otro lado, el 5 de mayo de 1994, la representación legal de la apelante dirigió una carta al Municipio de Ponce solicitándole la devolución. Surge del expediente que la apelante pagó los

mencionados arbitrios de construcción el 28 de mayo de 1991, por lo que es forzoso concluir que la reclamación fue presentada dentro del término prescriptivo disponible a tales efectos.

Claro está, es menester resolver si la reclamación ante el Tribunal de Primera Instancia fue radicada a tiempo. Si aplicamos el término provisto para el caso de las patentes municipales resolvemos que el término aplicable es de treinta (30) días a partir de la fecha de depósito en el correo de la notificación denegatoria de parte del Director de Finanzas.

Según surge de las alegaciones en el caso de autos, el Director de Finanzas no tomó acción alguna con respecto a la solicitud presentada ante su consideración para la devolución de los arbitrios en controversia. Siendo esto así, al igual que ocurrió en el caso de Nogama Construction Corp., *supra*, es forzoso concluir que el término de caducidad para radicar la demanda en cuestión nunca comenzó a decursar y, por consiguiente, la causa de acción en el caso de autos fue radicada en tiempo ante el entonces Tribunal Superior de Puerto Rico, Sala de Ponce.

El mismo resultado obtenemos si hipotéticamente aplicamos a los hechos del presente recurso el Art. 15.002 de la Ley de Municipios Autónomos de Puerto Rico, Ley Núm. 81 de 30 de agosto de 1991, según enmendado por la Ley Núm. 84 de 29 de octubre de 1992, 21 L.P.R.A. sec. 4702. █ En este caso el término de veinte (20) días tampoco comenzó a decursar por los mismos fundamentos que hemos esbozado.

### IV

El Tribunal de Primera Instancia concluyó que la acción instada en el presente caso era una que debía ser examinada a la luz del Art. 1795 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5121, que es el que define el *"recobro de lo indebido"* en los casos de los cuasicontratos. No nos convence tal determinación.

Como bien señala la apelante en su escrito, independientemente de que la causa de acción a que se refiere este caso se haya titulado como una de *"recobro de dinero",* lo cierto es que de una somera lectura de la demanda se desprende que se trata de una acción donde se reclama la devolución o reintegro de una contribución que ha sido cobrada ilegal o indebidamente. Este tipo de acción debe ser examinada a la luz de las disposiciones de las leyes contributivas y no por el Código Civil.

### V

Por los fundamentos antes expuestos se revoca la sentencia recurrida y se declara con lugar la sentencia presentada por la apelante.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

Sonia I. Pacheco Román
Secretaria General

### ESCOLIOS 96 DTA 102

**1.** Según esta carta el costo del proyecto en referencia ascendía a la suma de $27,847,000.00.

**2.** En su carta el Sr. Del Valle manifestó, en parte:

*"Hasta el año 1992 para el proyecto de la Institución Regional del Sur, Fase IV-B, en el Municipio de Ponce, Rodríguez & Del Valle, Inc. ha pagado patentes sobre la cantidad de VEINTE Y TRES [sic] MILLONES, TRESCIENTOS TREINTA Y TRES MIL SETECIENTOS SESENTA Y NUEVE DOLARES ($23,333,769.00). Falta por pagar la cantidad de dinero por la cual se pagará patente en el año 1993; que se paga en el año 1994; no está incluida en este informe.*

*Recientemente, el 22 de enero de 1994, en el caso de Las Piedras Construction v. Municipio de Dorado, 94 JTS 3, el Honorable Tribunal Supremo de Puerto Rico decidió que el pago de arbitrios de construcción por el volumen de obra sobre el cual se ha pagado o pagará patente municipal es una doble tributación no autorizada expresamente por ley y por consiguiente la misma no es válida en Puerto Rico para el tiempo en que ocurrieron los hechos del caso que motivó la decisión del Honorable Tribunal Supremo."*

**3.** Es importante indicar que en su escrito el Municipio de Ponce no discute el aspecto sobre la legalidad del esquema de doble tributación sino que dirige sus esfuerzos a sostener la caducidad de la acción presentada.

**4.** Aunque esta ley fue enmendada por la Ley de Municipios Autónomos, la facultad de los municipios para establecer arbitrios quedó inalterada.

**5.** Aunque esta sección sufrió modificaciones mediante la Ley Núm. 93 de 17 de noviembre de 1992, lo referente al término prescriptivo se mantuvo igual.

**6.** El Art. 15.002 establece:

*"El Tribunal Superior de Puerto Rico entenderá y resolverá, con exclusividad, a instancias de la parte perjudicada, sobre los siguientes asuntos:*

*(a) Revisar cualquier acto legislativo o administrativo de cualquier funcionario u organismo municipal que lesione derechos constitucionales de los querellantes o que sea contrario a las leyes de Puerto Rico.*

*(b) Suspender la ejecución de cualquier ordenanza, resolución, acuerdo u orden de la Asamblea, del Alcalde, de la Junta de Subasta o de cualquier funcionario del municipio que lesione derechos garantizados por la Constitución del Estado Libre Asociado de Puerto Rico o por las leyes estatales.*

........................

*En los casos contemplados bajo los incisos (a) y (b) de esta sección, la acción judicial sólo podrá instarse dentro de los veinte (20) días siguientes a la fecha en que el acto legislativo o administrativo se haya realizado o que la ordenanza, resolución, acuerdo u orden se haya promulgado o comunicado a la parte querellante, a menos que se disponga otra cosa por ley."*